644 F.2d 1307
 11 Envtl. L. Rep. 20,514
 UNITED STATES of America, Plaintiff-Appellee,
v.
GOLDFIELD DEEP MINES COMPANY OF NEVADA, a Nevada
Corporation, C. Orin Swain, as officer and agent of
Goldfield Deep Mines Company of Nevada; John C. Rebenstorf,
individually, and John C. Rebenstorf, as officer and agent
of Goldfield Deep Mines Company of Nevada; Frank Montgomery,
individually, and Frank Montgomery, as officer and agent of
Goldfield Deep Mines Company of Nevada; Oscar C. Wagner, as
officer and agent of Goldfield Deep Mines Company of Nevada;
Elmer Billman, individually, and Elmer Billman, as officer
and agent of Goldfield Deep Mines Company of Nevada; Frank
Maka, individually, and Frank Maka, as officer and agent of
Goldfield Deep Mines Company of Nevada; Fenton T. Hudson,
individually, and Fenton T. Hudson, as officer and agent of
Goldfield Deep Mines Company of Nevada; Howard Ogden; B. M.
Rebenstorf; Charles De Groff; Jack Pieden; Ray Martin; Bob
Hudson; and James Justice, Defendants-Appellants.
 No. 78-3096.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 6, 1981.
Decided May 11, 1981.
 
 William B. Murray, Portland, Or., for defendants-appellants.
 Nancy B. Firestone, Washington, D.C., argued for plaintiff-appellee; Andrea Sheridan Ordin, Los Angeles, Cal., on brief.
 Appeal from the United States District Court for the Central District of California.
 Before CHOY, FERGUSON, and REINHARDT, Circuit Judges.
 CHOY, Circuit Judge:
 
 
 1
 Goldfield Deep Mines Company operated a mining and milling business on federal forest lands in violation of several state and federal regulations. The United States sued for trespass, seeking injunctive relief and damages. We affirm the district court's award of the requested relief.
 
 I. Facts
 
 2
 Goldfield, a Nevada corporation, and its various officers, directors, and agents (herein collectively referred to as "Goldfield") engaged in a pattern[1] of deliberate violation of government regulations. An ongoing feud developed between Goldfield and the Forest Service, beginning in 1976.
 
 
 3
 Goldfield claimed the right to mine in the national forest reserve in San Bernardino, California, and began mining and milling operations there. This claim was later successfully refuted in proceedings before an administrative law judge of the Department of Interior.[2] Goldfield cut trees, dug roads, and used heavy equipment and machinery in the area. Forest rangers encouraged Goldfield to file an operating plan and to obtain proper authority to conduct business on forest land. Goldfield refused to do so.
 
 
 4
 The Government brought an action for trespass and a partial summary judgment for injunctive relief was granted on March 8, 1977. The court found Goldfield liable for trespass.
 
 
 5
 The Government sought to enforce the judgment, and again encountered Goldfield's noncooperation. The district court granted a writ of assistance ordering the United States Marshal to remove Goldfield's structures and equipment from, and to prevent further mining and milling operations on, the forest land. Goldfield's petition for mandamus against enforcement of the judgment was denied by this court.[3] The marshal executed the judgment and Goldfield failed to retrieve the seized equipment despite repeated notice to do so. The equipment, which Goldfield claims was worth $350,000, was eventually sold for $750.
 
 
 6
 The Government filed an amended complaint for the cost of enforcing the partial summary judgment and for the anticipated cost of restoring the heavily-damaged forest land to its original condition.
 
 
 7
 A jury trial was held solely on the issue of damages. The district court refused to entertain Goldfield's substantive arguments because the trespass issue had already been determined in the earlier partial summary judgment proceeding. The Government was awarded damages totaling $17,560. The district court denied Goldfield's motion for a new trial and judgment was entered nunc pro tunc February 24, 1978. This appeal followed.
 
 II. Discussion
 
 8
 Goldfield claims that the proceedings below violated its right to due process and that the United States Forest Service ("Forest Service") has no authority to interfere with mining claims. We find that the defendants violated properly-promulgated Forest Service regulations and that this violation was finally determined in the partial summary judgment proceeding. The district court was correct in limiting the trial to damages. The defendants had proper notice of all proceedings below and no due process violation occurred.
 
 
 9
 A. Forest Service Regulation of Mining Activity on U. S. Forest Land
 
 
 10
 The Forest Service may properly regulate the surface use of forest lands. While the regulation of mining per se is not within Forest Service jurisdiction, where mining activity disturbs national forest lands, Forest Service regulation is proper. See United States v. Weiss, 642 F.2d 296, at 298 (9th Cir., 1981) (Secretary of Agriculture has "power to adopt reasonable rules and regulations regarding mining operations within the national forests"); United States v. Richardson, 599 F.2d 290 (9th Cir. 1979), cert. denied, 444 U.S. 1014, 100 S.Ct. 663, 62 L.Ed.2d 643 (1980) (recognizing the conflict between mining and forest land policies and holding that the district court may properly enjoin unreasonable destruction of surface resources). In this case, defendants cut trees, dug roads, erected structures, moved earth and otherwise damaged forest surface land. The Forest Service may properly regulate such activity.
 
 
 11
 Goldfield claims that the Government should have exhausted its administrative remedy by challenging Goldfield's mining claim before the Department of Interior. This is an alternative remedy which the Government successfully pursued. See n. 2, supra. However, the right to protect Forest Service lands from waste is separate from and in addition to the right to challenge mining claims. The jurisdiction of the Department of Interior is not to the exclusion of the district court's. See United States v. Nogueira, 403 F.2d 816, 825 (9th Cir. 1968). There was no need to exhaust the mining-claim proceedings before enjoining destruction of forest lands.
 
 
 12
 Goldfield also argues that the act[4] authorizing Forest Service enforcement of its regulations is unconstitutional under the void-for-vagueness principle of the fifth and sixth amendments. See Lanzetta v. New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939). The act provides that the Secretary of Agriculture shall adopt regulations and that prior to such adoption he shall administer the regulations in effect at the time the act was passed "to the extent practical." The Forest Service specifically told Goldfield of the regulations with which it was required to comply. Goldfield refused to so comply. Goldfield does not claim that the regulations were in any way unclear or that it failed to understand their requirements. Rather, it questions the legality of the Secretary's determining which regulations remain in effect prior to the adoption of new regulations. Thus, in essence Goldfield's argument is not void-for-vagueness claim, but rather an assertion that there was an improper delegation of authority to the Secretary. There is no merit to this argument. Congress may delegate to an agency head the authority to promulgate regulations which implement an act. Schecter Poultry Corp. v. United States, 295 U.S. 495, 500, 55 S.Ct. 837, 838, 79 L.Ed. 1576 (1935). A fortiori, Congress may authorize an agency head to retain existing regulations except for those no longer practical because of the adoption of new legislation. While a legitimate issue might be presented if a party were unable to determine which regulations remained in effect and which did not, such is clearly not the case with Goldfield.
 
 B. Due Process Claims
 
 13
 Goldfield contends that the summary judgment proceeding, the sale of Goldfield's property and the trial on damages each constituted a violation of due process.
 
 
 14
 Goldfield was properly served and had ample notice of all the proceedings against it. There were no genuine issues of material fact at the time the partial summary judgment was entered. The record shows no affidavits then before the district court which would negate a finding of trespass. Further, the defendant in correspondence and depositions admitted conducting mining and milling operations on forest lands and admitted failure to file an operating plan. The Government, on the other hand, submitted documentation and affidavits supporting its allegations. This is precisely the type of case in which summary judgment is appropriate. See Fed.R.Civ.P. 56(e). The trial court correctly limited trial to the question of damages.
 
 
 15
 Once the summary judgment was entered and this court refused to issue a mandamus order staying execution, Goldfield was bound by the terms of the judgment. We find that the judgment was properly enforced.
 
 
 16
 Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and the line of due process cases governing replevin and sale of personal property safeguard against ex-parte, nonjudicial seizures of personal property. See, e. g., Mitchell v. W. T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). These cases are inapplicable here. In this case Goldfield had continual and repeated notice of the claims against it and of the proposed sale of the property. The Government sought judicial approval in adversary proceedings. The seizure and sale were judicially authorized, and the sale took place only after Goldfield failed to make any attempt to recover its goods.
 
 III. Conclusion
 
 17
 Goldfield and the individual defendants were finally and properly determined to be liable for trespass. There is no valid constitutional, procedural, or statutory argument against the district court's partial summary judgment. The seizure and sale of Goldfield's property comported with the requirements of due process, and damages were properly awarded.
 
 
 18
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The defendants knowingly failed to comply with numerous state and federal regulations:
 
 
 [1]
 The officers were found guilty of securities fraud and ordered to cease selling securities
 
 
 [2]
 Goldfield did not qualify to transact business as a corporation in California
 
 
 [3]
 Goldfield conducted welding on forest lands without a permit, in violation of fire regulations
 
 
 [2]
 See Ernest C. Downs, United States Department of Interior Office of Hearings and Appeals, Contest Nos. CA-4185, 4290 (Feb. 14, 1979)
 The ALJ found that Goldfield did not have a valid claim to a mineral discovery. A valid discovery one which would justify a prudent person's expenditure of labor and means would permit mining on forest lands. The Government's mineral examiner testified that there were no significant minerals on Goldfield's claim. Goldfield's self-taught "expert" witnesses claimed that platinum and valuable minerals existed on the claim, which could be extracted by secret methods and located at secret drill-hole sites, but presented no concrete evidence.
 The ALJ's decision quoted a California State Mineral Information Service publication which stated: "There are no platinum mines in California.... Extreme caution is advisable when dealing with persons or organizations who reportedly own or claim to know of deposits in California that contain large amounts of platinum."
 
 
 [3]
 Rebenstorf v. United States District Court, No. 77-1684 (9th Cir. March 24, 1977) (order denying writ of mandamus)
 
 
 [4]
 43 U.S.C. § 1733; 43 U.S.C. § 1740