**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-36128 |
| Plaintiff - Appellee, | D.C. No. 1:09-cv-03078-PA |
| v. | |
| CLIFFORD R. TRACY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted October 8, 2010
Portland, Oregon

Before: TASHIMA, PAEZ and CLIFTON, Circuit Judges.

Defendant Clifford Tracy appeals the judgment and injunction entered by

the district court in favor of the United States on the Government's civil complaint

alleging that Tracy trespassed on National Forest land.  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Tracy's due process argument in this case is identical to the one raised in his appeal of his criminal conviction, No. 09-30408. We reject Tracy's due process argument here as we did there. Tracy failed to avail himself of the due process available to him and as such cannot now seek its protection after taking matters into his own hands. *See Hudson v. Palmer*, 468 U.S. 517, 539 (1984) (O'Connor, J. concurring); *United States v. Lowry*, 512 F.3d 1194, 1203 (9th Cir. 2008).

We also reject Tracy's argument that he cannot be a trespasser because he had a right of possession in the land as the holder of an unpatented mining claim. The Mining Law of 1872 makes clear that the possessory right of the holder of an unpatented mining claim is conditional on "comply[ing] with the laws of the United States, and with State, territorial, and local regulations not in conflict with the laws of the United States governing [his] possessory title." 30 U.S.C. § 26. Subsequent statutes further demonstrate that Tracy's right to possession is subject to his compliance with Forest Service regulations. The Organic Act provides that any person entering the a national forest "must comply with the rules and regulations covering such National Forest." 16 U.S.C. § 478. The Surface Resources Act of 1955 amended the Mining Law to make any unpatented mining claim discovered after 1955 "subject . . . to the right of the United States to manage and dispose of the vegetative surface resources thereof and to manage other surface

2

resources thereof." 30 U.S.C. § 612(b). Tracy failed to comply with Forest Service regulations governing his mining claim. He therefore had no right to possess the land and was a trespasser.

We have previously held conduct similar to Tracy's to constitute trespass. *See, e.g.*, *United States v. Brunskill*, 792 F.2d 938 (9th Cir. 1986) (affirming district court's injunction requiring removal of structures on claim where defendants did not have approved plan of operation)*; United States v. Goldfield Deep Mines Co. of Nev.*, 644 F.2d 1307, 1310 (9th Cir. 1981).

We reject the argument that an individual can only be a trespasser if his mining claim is held invalid. As we stated in *Goldfield*, "the right to protect Forest Service lands from waste is separate from and in addition to the right to challenge mining claims." *Id*. at 1309. Similarly we find unpersuasive Tracy's attempt to distinguish the above cases on the ground that the defendants in those cases were also found to have invalid mining claims. In *Brunskill* we explicitly stated that "[w]e affirm the district court order, but on the limited grounds that the Brunskills do not have an approved plan of operation . . . . We do not pass on whether . . . the mining claims at issue are valid." *Brunskill*, 792 F.2d at 938.

**AFFIRMED.**