**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lincoln Albert ALLEN, aka Bud Allen, Helen Carter Allen, and Lincoln Albert Allen, Jr., Defendants-Appellants.**

No. 77–3113.

United States Court of Appeals, Ninth Circuit.

June 14, 1978.

Jane Skanderup, Yreka, Cal. (Submitted on the Briefs), for defendants-appellants.

Sanford Sagalkin, Acting Asst. Atty. Gen., Sacramento, Cal. (Submitted on Briefs), for plaintiff-appellee.

Before DUNIWAY and WRIGHT, Circuit Judges, and KUNZIG,* Judge.

PER CURIAM:

Defendants-appellants owned two mining claims which were the subject of a contest hearing initiated by the Government. The hearing, before an administrative law judge, resulted in a declaration that the claims were null and void. The United States then brought the present ejectment action in Federal District Court. Appellants counterclaimed based on inverse condemnation. The District Court for the Eastern District of California (Wilkins, J.) granted the Government motion for summary judgment, finding appellants' continued occupation to constitute a trespass and ordering appellants to vacate the property.

Judge Wilkins also dismissed the counter-claim. We affirm.

■ In examining a motion for summary judgment, the district court must determine whether any material factual issues exist which can only be resolved through a trial. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543 (9th Cir. 1975). The District Court specifically held that no such issues were involved. Indeed, there can be no question of fact, as appellants concede that the claims, located on public lands, are null and void. In addition, the record indicates that the Allens never even conducted an actual mining operation on these purported claims.

■ In order successfully to oppose a motion for summary judgment, a party may not rely solely on conclusory allegations in the pleadings, *Retana v. Apartment, Motel, Hotel & Elevator Operators Union, Local No. 14*, 453 F.2d 1018, 1022 n. 7 (9th Cir. 1972), but must, instead, offer some evidence at least outlining a factual dispute. *Smith v. Mack Trucks, Inc.*, 505 F.2d 1248, 1249 (9th Cir. 1974). In similar circumstances, this court has previously held summary judgment to be appropriate in a comparable action enjoining a mining claimant who persisted upon remaining at a mining claim which had been declared invalid. *Adams v. United States*, 318 F.2d 861 (9th Cir. 1963).

■ In the case at hand, the Allens have admitted that the claims have been declared null and void and that the claims were on public land. Since they did not file any supporting affidavits in opposition to the Government's motion which would raise any other, new issues of material fact, this case is clearly one suitable for summary judgment.

■ Having thus determined the suitability of summary judgment in the present case, we must now determine whether the Government was entitled to prevail as a matter of law. The gist of this case is whether a person, under the guise of re-

---

* The Honorable Robert L. Kunzig, Judge, United States Court of Claims, sitting by designation.

peatedly locating invalid mining claims may use public lands primarily for *residential purposes.* Appellants' argument ignores this obvious distinction between the right to explore and the right permanently to occupy and reside on the site of a claim.

 Congress has broad power to regulate land within the public domain, *Kleppe v. New Mexico*, 426 U.S. 529, 538–39, 96 S.Ct. 2285, 49 L.Ed.2d 34 (1976), and a necessary ancillary to this power is the authority to "protect [public lands] from trespass and injury and to prescribe the conditions upon which others may obtain rights . . . ." *Utah Power & Light Co. v. United States*, 243 U.S. 389, 405, 37 S.Ct. 387, 389, 61 L.Ed. 791 (1917). Congress, in the exercise of this authority, has enacted legislation reserving to the United States the right to manage vegetative surface resources on an unpatented claim and specifically stating that any mining claims (such as the Allens') "shall not be used . . . for any purposes other than prospecting, mining or processing operations and uses reasonably incident thereto." 30 U.S.C. § 612 (1970). *See Converse v. Udall*, 399 F.2d 616, 617 (9th Cir. 1968), *cert. denied*, 393 U.S. 1025, 89 S.Ct. 635, 21 L.Ed.2d 569 (1969). While location of a valuable mineral establishes a right to the possession of the deposit, and a surface use superior to any subsequent claimant, mere exploration, without discovery, does not confer a privilege to obstruct surface use. *Converse v. Udall, supra*, 399 F.2d at 619–21. Thus, in the circumstances of the case at hand, it is clear that the Allens' admittedly invalid mining claims cannot be used to assert rights contrary to those of the general public. *See Mulkern v. Hammitt*, 326 F.2d 896 (9th Cir. 1964).

Accordingly, for the foregoing reasons, the judgment of the District Court is affirmed.

AFFIRMED.