Gary K. ANDERSON, Plaintiff,

v.

UNITED STATES FOREST SERVICE, Ronald Bassett, Emmett B. Ball, Secretary of Interior, United States of America, Defendants.

UNITED STATES of America, Counter-Claimant,

v.

Gary K. ANDERSON, Counter-Defendant.

No. Civ. S–85–793 MLS.

United States District Court, E.D. California.

Dec. 20, 1985.

. Gary K. Anderson, Walnut Creek, Cal., in pro per.

Louis Demas, Asst. U.S. Atty., Sacramento, Cal., for defendants/counter-claimant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AND PARTIAL SUMMARY JUDGMENT THEREON

MILTON L. SCHWARTZ, District Judge.

The motions of the United States for partial summary judgment on the issue of ejectment, for injunctive relief, and for affirmance of the decision of the Secretary of the Interior was heard on December 13, 1985. Counterclaimant United States was represented by Assistant United States Attorney Louis Demas. Plaintiff/counter-defendant Gary K. Anderson [hereinafter "ANDERSON"] appeared on his own behalf.

The Court having considered the files of the Court, the pleadings filed herein, the argument of the parties, and good cause appearing therefor makes findings of fact, conclusions of law, and enters partial summary judgment as stated herein.

## FINDINGS OF FACT

*General Findings:*

1. Anderson occupies public lands of the United States under color of a putative mining claim denominated the Oklahoma City Placer Mining Claim, situated in the west half of section 4 and the east half of section 5, Township 34 N, Range 11 W, MDM and is further described in Notices as recorded in Book 41, Page 6 and 63, Page 331 of Mining Records in the Office of the Recorder of Trinity County, Weaverville, California [hereinafter referred to as "LANDS"]. (Countercomplaint ¶ 1 and 4, ANDERSON answer ¶ 1 and 4, ANDERSON amended complaint ¶ VI).

2. LANDS are located within, and are under the administrative jurisdiction of the Shasta-Trinity National Forest and the Big Bar Ranger District (ANDERSON amended complaint ¶ VI, Declaration of Paul Weeden, ¶ 2, Government's November 13, 1985 brief, Exhibit C).

3. ANDERSON maintains on LANDS structures, including a fixed residential structure, cables, improvements, property and roads [hereinafter referred to as "ANDERSON property"] (Weeden declaration, *supra*, Forest Service Administrative Record 44–45 and 49, Government Brief, Exhibit B, hereinafter FSR ——).

*Findings On Motion For Ejectment:*

4. A final Department of the Interior decision declaring the putative Oklahoma City Placer Mining Claim null and void was issued by the Interior Board of Land Appeals (IBLA) on October 15, 1984 (Certified Administrative Record (CR) 15–28).

5. ANDERSON sought reconsideration of the Interior decision, declaring the Oklahoma City Placer mining claim null and void, by the Secretary thereof who declined

to do so by notice dated March 26, 1985 (CR 5–6 and 4).

6. On the basis of the null and void decision on the Oklahoma City Placer mining claim, and for other reasons, the Big Bar Ranger District by decision dated May 13, 1985 ordered the removal of ANDERSON property from LANDS (FSR 35).

7. ANDERSON appealed the Forest Service May 13, 1985 decision regarding the removal order based on the null and void decision pursuant to Department of Agriculture regulations (36 C.F.R. § 211.-18) to the Shasta-Trinity Forest Supervisor but abandoned his appeal after the Shasta-Trinity Forest Supervisor, by decision dated September 6, 1985, upheld the May 13, 1985 decision of the Big Bar District Ranger (Tyrell declaration, ¶ 4 and 5; Government Brief, November 13, 1985, Exhibit B).

*Further Findings On Motion For Ejectment And For Injunctive Relief:*

8. By decision dated May 13, 1985 the Big Bar District Ranger ordered removal of the ANDERSON property from LANDS on the basis said property was maintained thereon because of lack of authorization required by 36 C.F.R. § 261.10(a), (b) and (j) (FSR 35).

9. ANDERSON appealed the Forest Service May 13, 1985 decision regarding the removal order based on lack of authorization required by 36 C.F.R. 261.10(a), (b) and (j) but abandoned his appeal after the Shasta-Trinity Forest Supervisor, by decision dated September 6, 1985, upheld the May 13, 1985 decision of the Big Bar District Ranger (Tyrell declaration, ¶ 4 and 5; Government Brief, November 13, 1985, Exhibit B).

10. ANDERSON has not obtained any authorization required to maintain the ANDERSON property on LANDS as required by 36 C.F.R. 261.10(a), (b), and (j) and specifically has not obtained any special-use authorization, contract, or approved operating plan permitting maintenance of the ANDERSON property on LANDS (Weeden declaration, *supra,* § 3).

11. ANDERSON's maintenance of a fixed residence on LANDS causes a significantly sufficient surface disturbance as to require an approved plan of operations pursuant to 36 C.F.R. Part 228.

*Further Findings On Motion For Ejectment And To Bar Use Not Permitted By 30 U.S.C. § 612:*

12. The LANDS are subject to management by the United States Forest Service pursuant to provisions of 30 U.S.C. § 612.

13. ANDERSON's mining activities are limited to dredging operations within the East Fork of the Trinity River which passes through LANDS (FSR 43).

14. ANDERSON's dredge is not maintained on LANDS during the season when ANDERSON does not physically occupy the residential structure. (Administrative Hearing Transcript 102).

15. The present dredging season for the East Fork of the Trinity River is limited to three and one-half months (Weeden declaration, *supra,* ¶ 6).

16. ANDERSON's dredging on LANDS annually is limited to approximately 89 hours per year (ANDERSON Interrogatory Response 70(a), and Exhibit F to Government's November 13, 1985 brief).

17. Sufficient living quarters are available at reasonable prices on a short term basis near the LANDS (Weeden declaration, *supra,* ¶ 7).

*Findings On Motion To Affirm Secretarial Decision:*

18. On October 15, 1984 the IBLA issued a decision declaring the putative Oklahoma City Placer mining claim null and void.

19. Any of the foregoing findings of fact deemed to be conclusions of law are hereby incorporated into the Conclusions of Law.

CONCLUSIONS OF LAW

1. ANDERSON's occupancy of LANDS is based on the existence of putative Oklahoma City Placer mining claim that has been declared by the Department of the

**6**

Interior to be null and void. Accordingly, ANDERSON must remove all ANDERSON property on LANDS maintained thereon under color of the putative Oklahoma City Placer mining claim. *United States v. Allen*, 578 F.2d 236 (9th Cir.1978); *Brothers v. U.S.*, 594 F.2d 740 (9th Cir. 1979); *Adams v. United States*, 318 F.2d 861 (9th Cir.1963); and *United States v. Cook, et al.*, Civ. S–82–209–PCW (E.D.Ca.) (unpublished decision dated July 24, 1985). [available on Westlaw, DCTU database].

2. ANDERSON may not maintain the ANDERSON property on LANDS without first having a special-use authorization, contract or an approved operating plan permitting such use. 36 C.F.R. § 261.10(a), (b) and (j). *United States v. Goldfield Deep Mines Co. of Nevada*, 644 F.2d 1307 (9th Cir.1981) *cert. denied*, 455 U.S. 907, 102 S.Ct. 1252, 71 L.Ed.2d 445; *United States v. Weiss*, 642 F.2d 296 (9th Cir.1981); *United States v. Richardson*, 599 F.2d 290 (9th Cir.1979); *United States v. Smith Christian Mining Enterprises*, 537 F.Supp. 57 (D.C.Or.1981); *United States v. Langley*, 587 F.Supp. 1258 (E.D.Cal.1984); *United States v. Balding*, Cr–85–37–MLS (E.D.Ca.) (unpublished decision dated September 18, 1985 [available on Westlaw, DCTU database]; and *United States v. Theodore Pelletier*, Civ. S–83–421–MLS (E.D.Ca.) (unpublished decision dated October 7, 1985). [available on Westlaw, DCTU database].

3. ANDERSON has not obtained any special-use authorization, contract, or an approved operating plan for any use of LANDS.

4. ANDERSON failed to exhaust appeal remedies available to him by not taking a further appeal to the Regional Forester of the Big Bar Ranger District's May 13, 1985 removal decision permitted by 36 C.F.R. 211.18(i) and, therefore, the May 13, 1985 decision is final and may not be set aside. *Davis v. Nelson*, 329 F.2d 840, 847 (9th Cir.1964); *Getty Oil v. Andrus*, 607 F.2d 253 (9th Cir.1979); *Crownite Corp. v. Watt*, 752 F.2d 1500 (9th Cir.1985); *United States v. Pelletier, supra.*

■ 5. Abandonment of the administrative appeal constitutes a waiver by AN-DERSON to challenge the May 13, 1985 removal decision. *Sears, Roebuck and Co. v. F.T.C.*, 676 F.2d 385, 398 (9th Cir.1982).

6. Use of the surface resources on public lands for mining purpose is precluded except for prospecting, mining, processing or *uses reasonably incidental thereto*. 30 U.S.C. § 612(c); *United States v. Richardson, supra* at 295.

7. Use of the surface resources of public lands for mining purpose is precluded unless such use is *required* for prospecting, mining, processing, or uses reasonably incidental thereto. 30 U.S.C. § 612(c); *United States v. Richardson, supra* at 295.

8. ANDERSON property maintained on LANDS *are not reasonably incidental* to his mining activity which is very limited in scope and in duration.

9. ANDERSON property maintained on LANDS *are not required* for his mining activity which is very limited in scope and in duration.

10. Forest Service officers may remove property from public lands within their administrative jurisdiction when there is no authorization for such property to be maintained thereon. 36 C.F.R. § 261.10(a), (b) and (j); 36 C.F.R. § 262.13.

11. The October 15, 1985 Department of the Interior decision declaring the putative Oklahoma City Placer mining claim null and void is supported by substantial evidence and was made in accordance with law and regulation.

■ 12. Judicial review of the administrative decision declaring the subject claim null and void is limited to the record before the Department of the Interior and the exhibits attached to ANDERSON's opposition may not be considered upon review of the administrative decision. *Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973).

■ 13. In a mining contest the government bears the initial burden of going forward with sufficient evidence to support a *prima facie* case of invalidity. The burden then shifts to the contestees to prove by a

preponderance of evidence that the claim is valid. *Foster v. Seaton*, 271 F.2d 836 (D.C. Cir.1959); *United States v. Taylor*, 25 IBLA 21, 82 I.D. 68 (1975).

14. Lack of production or sale over a period of years alone is sufficient to establish a *prima facie* case of invalidity of a mining claim. *United States v. Cook*, 71 IBLA 268, 270 (1983) affirmed *United States v. Cook, supra*. *See also, United States v. Zweifel*, 508 F.2d 1150, 1156 n. 5 (10th Cir.1975); *United States v. Alaska Limestone Corp.*, 66 IBLA 316, 320 (1982).

15. There is substantial evidence in the administrative record to support a conclusion that a *prima facie* case of invalidity has been established alone on the basis of the contestees insufficient production and sale of gold over a number of years.

16. The testimony of a government expert that he has examined the claim and that the mineral could not be marketed at a profit establishes a *prima facie* case of non-marketability. *Dredge Corp v. Conn*, 733 F.2d 704, 707 (9th Cir.1984).

17. If the government fails to present sufficient evidence to establish a *prima facie* case of invalidity even after a motion to dismiss for lack of *prima facie* case is denied and the contestee goes forward with a defense, the contestee then bears the burden of showing by a preponderance of evidence that there has been a discovery of minerals as required by the mining laws regardless of any defect in the government's *prima facie* case. *United States v. Taylor*, 25 IBLA 21, 82 I.D. 68 (1975). The contestees in the subject administrative contest proceeding did not meet that burden.

18. In order to satisfy the marketability test a contestee must show " ... that the mineral on the claim can 'be extracted, removed, and marketed at a profit.' " *Dredge Corp. v. Conn, supra* at 706 citing *United States v. Coleman*, 390 U.S. 599, 600, 88 S.Ct. 1327, 1329, 20 L.Ed.2d 170 (1968); *McCall v. Andrus*, 628 F.2d 1185, 1188 (9th Cir.1980), *cert. denied*, 450 U.S. 996, 101 S.Ct. 1700, 68 L.Ed.2d 197 (1981) (footnote omitted). The contestees in the subject administrative contest failed to establish the marketability of minerals on the subject claim.

19. ANDERSON cannot now raise issues not presented to the agency during the administrative procedure. *Getty v. Andrus, supra; Crownite Corp. v. Watt, supra*. ANDERSON's complaint that he was not given sufficient time to obtain assays or other mineral examination prior to the administrative hearing cannot be raised at this time. Moreover, the administrative record establishes that ANDERSON had sufficient time to obtain assays or other mineral examinations prior to the hearing.

20. Upon judicial review of an administrative decision "due account shall be taken on the rule of prejudicial error." 5 U.S.C. § 706. Agency decisions will not be set aside for procedural errors unless they are major, substantial and prejudicial and the burden is on the complaining party to establish prejudice has occurred. *N.L.R.B. v. Seine and Line Fishermen's Union of San Pedro*, 374 F.2d 974, 981 (9th Cir. 1967). ANDERSON has not demonstrated procedural irregularities in the contest procedures or that he was prejudiced by the procedural irregularities he has alleged.

21. Any of the foregoing conclusions of law deemed to be findings of fact are hereby incorporated into the Findings of Fact.

WHEREFORE IT IS HEREBY ORDERED that the United States' motions for partial summary judgment prayed for in its Notice of Motions filed with the Court on November 13, 1985 are GRANTED and the Court enters the following order:

1. That the decision of the Secretary of the Interior declaring the Oklahoma City Placer mining claim null and void be affirmed;

2. That ANDERSON forthwith vacate the lands (hereinafter LANDS) described in findings of fact Number 1;

3. That the United States be allowed to take immediate possession, control, and management of the LANDS;

4. That ANDERSON remove all improvements and personal property located on LANDS, restore the LANDS to their near natural state within thirty (30) days of entry of the Court's order;

5. That all right, title, and interest to any improvements or personal property remaining on LANDS after thirty (30) days of entry of the Court's order shall pass to the United States which shall have the authority to dispose of said improvements and property without further notice, order of Court, or an accounting therefor; and

6. That ANDERSON, his agents, employees, servants and other persons acting in concert and participation with him be permanently enjoined:

a. From prohibiting or interfering with the use by members of the public of public lands in the Shasta-Trinity National Forest described as the W ½ of Section 4 and the E ½ of Section 5, T.34N., R.11W, Mt. Diablo Base and Meridian from cutting any trees on said lands, from erecting, constructing or maintaining barriers, fences, structures, signs, road, trails or the like, or enclosures of any kind or description on said lands, unless ANDERSON submit a proposed plan of operations pursuant to Part 228, 36 C.F.R. and obtain approval from the United States Forest Service of said plan of operations including approval (a) for each and every erection, construction, or maintenance of barriers, fences, structures, signs, road, trail or the like, or enclosures of any kind or description; (b) for every area from which the public shall be excluded, and the manner and method of said exclusion; and (c) for any proposed tree cutting; within ANDERSON's alleged mining operations. In the event that any portion of counter-defendants' plan of operations is not approved, ANDERSON must exhaust administrative remedies of such denial prior to seeking judicial review of such denial, and while administrative or judicial review is pending, ANDERSON may not conduct any activity that is barred by this injunction for which approval was sought and denied.

b. From conducting mining operations on the lands described in paragraph 6.a. above until such time as ANDERSON submits a plan of operation pursuant to 36 C.F.R., Part 228 and obtains approval therefor except that ANDERSON may continue to explore or prospect for minerals with hand tools and with a suction dredge within the water course of the East Fork of the North Fork of the Trinity River provided that no vehicles are driven on roads that have not been approved by the United States Forest Service for vehicle use and ANDERSON makes no disturbance of the surface of the land more than one cubic yard of material in any one location on the subject property except for dredging in the water course.

c. From residing on LANDS except in enjoyment of rights granted to members of the public generally.

d. From maintaining any personal property on LANDS except that which is necessary for the activity specifically allowed in paragraph 6.b. above.

e. From entering LANDS except for the purpose of removing their property therefrom or other activity allowed in this order.

The claims of the United States for damages are reserved for trial.