**UNITED STATES of America, Plaintiff,**

v.

**Lamar BURNETT, Defendant.**

**Civ. No. 84–3111.**

United States District Court,
D. Idaho.

Nov. 14, 1990.

Maurice O. Ellsworth, U.S. Atty., D. Idaho and Celeste K. Miller, Asst. U.S. Atty., Boise, Idaho, for plaintiff.

Claude Marcus, Marcus, Merrick & Montgomery, Boise, Idaho, for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

RYAN, Chief Judge.

### I. FACTS AND PROCEDURE

The above-entitled action was brought by the government in September of 1984 to enjoin the defendant, Lamar Burnett, from trespassing on unpatented mining claims in the Nez Perce National Forest. The government also seeks to have certain buildings, structures, and personal property which the defendant purchased from the previous locator, removed from these mining claims. Both parties filed summary judgment motions. On September 11, 1990, this court heard oral arguments on these motions and took this matter under advisement.

This action involves certain unpatented mining claims, known as Gateway No. 1 and Gateway No. 2, located in the Nez Perce National Forest. These claims were initially located by J. A. Wavra in 1950. In 1965, Wavra deeded these claims to Ernest Patterson, who subsequently constructed several structures on the claims. On September 14, 1981, these claims were declared abandoned and void by the Forest Service because Patterson, in 1979, had failed to file a required yearly report entitled, "Evidence of Assessment Work/Notice of Intention to Hold Claim." *See* Affidavit of Tom Schmidt, filed March 6, 1987, Attachment B1. After Patterson

died, Louise Regelin was appointed his Personal Representative on September 23, 1981.

On July 11, 1982, the unpatented mining claims, Gateway Nos. 1 and 2, were validly relocated and re-staked by Arliss and Helen Barnes and by Stanley and Betty Hagaman.[1]  On July 24, 1982, Defendant Burnett purchased the Barnes' interest in these claims.  The Hagamans did not quitclaim their interest to Burnett, however, until November 15, 1984, subsequent to the filing of this suit.

On August 10, 1982, the Forest Service sent a letter to Regelin (Patterson's Personal Representative) and advised Regelin that Patterson's claims were null and void, and that the buildings on these claims would become the property of the United States if they were not removed by the successor to the Patterson claims.  *See* Affidavit of Tom Schmidt, filed March 6, 1987, Attachment F.  On August 11, 1982, Regelin put the buildings and other personal property located on the claims up for sale.  *Id.*, Attachment H.  The defendant's bid was accepted and a quitclaim deed was issued to him.  Prior to this bid being accepted, the Forest Service sent another letter dated August 17, 1982, to Regelin, again informing her that the personal property and buildings would have to be removed from the claims.  *Id.*, Attachment G.

On September 14, 1982, Regelin sent a letter to the Forest Service advising that Burnett had purchased the buildings and structures and would be removing them within the set deadlines.  *Id.*, Attachment K.  On March 15, 1983, the Forest Service sent a letter to Defendant Burnett reminding him of the July 1st deadline for removing the personal property.  *Id.*, Attachment M.  In addition, the letter advised him that if he intended to use any of the structures for mining purposes, he would have to submit a "plan of operations" indicating his desired use.  On June 20, 1983, Burnett responded by letter, indicating that he had

no intention of tearing down the buildings, nor did he have any intent of filing a plan of operations.  The Forest Service, by letter dated July 6, 1983, re-advised Burnett that he would have ten days to remove the buildings and personal property, and at the end of those ten days the Forest Service would impound and remove whatever was left on the property.  *Id.*, Attachment O.  On July 12, 1984, counsel for the defendant sent a letter to the Forest Service restating the defendant's position.  *Id.*, Attachment P.

On July 10, 1984, the defendant filed amended locations for these claims, and in 1983, 1984, 1985, and 1986 he filed the required "proofs of work done"; however, during this time, he never filed a plan of operations.  On October 3, 1984, the government filed this Complaint, to which the defendant answered on October 22, 1984.

On April 13, 1987, the court issued an order holding the case in abeyance pending final administrative action on the "plan of operations" that the defendant had agreed to file with the Forest Service.  The court, in September of 1987, terminated the case without prejudice.  The Forest Service subsequently rejected defendant's "Plan of Operations."  The defendant then exhausted all his administrative appeal remedies, but to no avail.  In February of 1988, the defendant filed an Amended Answer and Motion for Summary Judgment.  The case was then reopened on March 14, 1988.

## II.  ANALYSIS

A. *Plaintiff's Motion for Summary Judgment*

1. *Plaintiff's arguments.*

In plaintiff's memorandum in support of the Motion for Summary Judgment, the plaintiff argues that it is entitled to judgment as a matter of law.  In its Complaint, the government has sought, (1) a permanent injunction enjoining the defendant from further trespass; (2) an order requir-

---

**1.** The government does not dispute the validity of the relocation of these claims by the Barneses and the Hagamans.  *See* Memorandum in Sup-

port of Motion for Summary Judgment, filed March 6, 1987, at 5.

ing the defendant to remove the cabins and structures within 15 days from the date of the order; (3) authorization to go in and remove the cabins, structures and other personal property, and in the event the defendant does not remove such from the claims, that the defendant be charged the costs of such removal; and (4) its disbursements and costs.

■ In support of its requested relief, the government makes basically two arguments. In its first argument, the government does not contest the validity of the relocated mining claims that Burnett purchased from the Barnes' and the Hagamans. The government argues that the structures and personal property originally located on the claims by Patterson constitute a trespass because the defendant has no authorization from the Forest Service to keep the structures and personal property on the claims. Memorandum in Support of Motion for Summary Judgment, filed March 6, 1987, at 5; Reply Brief in Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment, filed April 7, 1989, at 5. In addition, the government argues that once the Forest Service declared the Patterson mining claims to be abandoned and void, that the possessory interest in the buildings and personal property became vested in the Forest Service, and that pursuant to those rights, the Forest Service then authorized Patterson's Personal Representative to sell the structures and personal property, under the condition that they would all be removed.

Upon review of all the correspondence between the parties, it appears that Burnett was told from the outset that the structures and personal property would have to be removed. There is nothing in the written record to indicate that the Forest Service told Burnett that he could keep the structures on the claims. He clearly was put on notice of the Forest Service's intent. Based upon the foregoing, the court finds that Burnett purchased from the Patterson estate, only the right to *remove* the structures and the personal prop-

erty, and not the right to possess them on the claims.

■ Stated differently, when the Barnes' and the Hagamans validly relocated the mining claims, they did not get a possessory interest in the structures and personal property. What they received was an interest in the mining claims, less the structures and personal property. When Burnett subsequently purchased or received their interests in the claims, he succeeded to just the mining claims as well, with no possessory interest.

The Ninth Circuit case law seems to be consistent with this view. *See Brothers v. United States*, 594 F.2d 740 (9th Cir.1979). In *Brothers*, the plaintiffs brought an inverse condemnation suit against the Forest Service, claiming that the Forest Service had wrongfully taken a mining claim and two cabins located on the claim. The plaintiffs in *Brothers* argued that once they relocated the abandoned mining claim, the cabins, as well as the land, vested in them. They argued this, despite conceding the fact that the mining claims and buildings reverted to the United States when abandoned by the previous locator. *Id.* at 740–41. The Ninth Circuit specifically disagreed and pointed out that the plaintiffs had notice that the cabins had been abandoned to the government and that their predecessor was only granted permission to remove the cabins. Based upon this, the court found that the plaintiffs did not have any rights or interest in the cabins. *Id.* at 741–42. Thus, the court finds the *Brothers* case controlling.

■ In its second argument, the government argues that even if Defendant Burnett has a possessory interest in the cabins and other structures, he does not have Forest Service authorization to keep them on the unpatented mining claims. Memorandum in Support of Motion for Summary Judgment, filed March 6, 1987, at 7–9; Reply Brief in Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment, filed April 7, 1989, at 6–7. Even though the court finds that the government's first argument is sufficient grounds

to grant plaintiff's summary judgment motion, the court will address this second argument.

The government argues that 36 C.F.R., part 228[2], requires mining claimants to submit a "plan of operations," which must be approved by the Forest Service, before conducting any work in connection with prospecting, exploration or mineral development and processing.[3] In addition, the government argues that 36 C.F.R. 261.-10(a)[4] also prohibits the construction or maintenance of a structure on National Forest land without a special use authorization or an approved operating plan.

The government cites *Anderson v. United States Forest Serv.*, 645 F.Supp. 3 (E.D. Cal.1985), as persuasive authority that Burnett cannot maintain the structures on the mining claims without prior approval by the Forest Service. In *Anderson*, the court found that the mining claim of Mr. Anderson was null and void and that he consequently would have to remove all of his property that was on those claims. The court also held that Anderson would not be allowed to maintain property on the claim without first having a special use authorization, contract or approved operating plan permitting such use. *Id.* at 6 (*citing* 36 C.F.R. § 261.10(a)). The court finds this case is also controlling.

After the Complaint and Answer were filed, and after the government submitted its brief and Motion for Summary Judgment, the defendant did submit an operating plan which was rejected by the Forest Service.[5] *See* Administrative Appeal Record, filed March 31, 1989.

The court finds, therefore, that as a result of the defendant's operating plan being rejected, the structures and personal property must be removed from the mining claims because Burnett does not have the requisite approval to keep the structures and personal property on the claims. Without this approval, the government is allowed to take the necessary steps to prevent the trespass, including ejectment and removal. *Anderson v. United States Forest Serv.*, 645 F.Supp. at 6; *United States v. Nogueira*, 403 F.2d 816 (9th Cir.1968); and *United States v. Osterlund*, 505 F.Supp. 165 (D.Colo.1981), *aff'd.* 671 F.2d 1267 (1982).

Even though the court finds that the Forest Service followed the federal regulations when it denied Mr. Burnett's operating plan, it appears to this court that the Forest Service could have handled this matter in a way that may have resulted in a better outcome for all the parties involved. Specifically, when Mr. Burnett filed his operating plan, even though he did not specify his mining intentions at that time, he did clearly indicate his proposed uses for the structures and he further indicated that as operational plans were completed for further development of the claims, he would submit these plans to the Forest Service.

The Forest Service, in accommodating Mr. Burnett, could have simply required a new operating plan to be filed the following year, and then reviewed that plan to see if Mr. Burnett had made any progress on producing any operational plans for further development. This way, Mr. Burnett would have had time to further explore

---

**2.** Title 36 C.F.R. § 228.4 (1989) provides in part that:
"[A] notice of intention to operate is required from any person proposing to conduct operations which might cause disturbance of surface resources.... If the District Ranger determines that such operations will likely cause significant disturbance of surface resources, the operator shall submit a proposed plan of operations to the District Ranger."

**3.** In the case at bar, the defendant did not file a "plan of operations" until after the government commenced this lawsuit.

**4.** Title 36 C.F.R. § 261.10(a) (1989) prohibits the "[c]onstructing, placing, or maintaining any

kind of road, trail, structure, fence, enclosure ... or other improvement on National Forest system land or facilities without a special-use authorization, contract, or approved operating plan."

**5.** The main reason that the Forest Service denied the operating plan appears, from the Administrative Record, to be that the defendant failed to identify any mining plans in connection with the mining claims other than the maintenance of said structures. *See* Certified Copy of the Forest Service Administrative Appeal Record, filed March 31, 1989.

what exactly he wanted to do with the mining claims and the related structures and personal property before being ordered by the Forest Service to remove them. This process would not have gone on forever as the government argues, but instead would end once the Forest Service became dissatisfied with the proposed plans for further development submitted by Mr. Burnett. At that point and time, the Forest Service, after an attempt to accommodate Mr. Burnett, could have pursued the same course of action that they did, which in this court's opinion was premature.

### 2. *Application of the Summary Judgment Standard*

It is well settled that a party, in defending against a motion for summary judgment, may not simply rest upon the bare pleadings.[6] As the Ninth Circuit stated in *United States v. Allen*, 578 F.2d 236, 237 (9th Cir.1978): "In order successfully to oppose a motion for summary judgment, a party may not rely solely on conclusory allegations in the pleadings ... but must, instead, offer some evidence at least outlining a factual dispute." (citations omitted)

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment must be *both* "material" and "genuine."

An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975) (*quoting First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289,

88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)). The Ninth Circuit cases are in accord. *See e.g., British Motor Car Distrib., Ltd. v. San Francisco Automotive Indus. Welfare Fund*, 882 F.2d 371 (9th Cir.1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

(1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*Id.* at 374 (citation omitted).

In applying this standard, the court finds that the defendant has not disputed *any* of the material facts as outlined by the plaintiff in its brief. The defendant, in his briefs and oral argument, only questioned the interpretation of certain case law and the application of certain statutes. The defendant cites no case law or authority in opposition to plaintiff's motion.

In his brief opposing plaintiff's Motion for Summary Judgment and in his oral argument, the defendant made the following arguments:

(a) That the Forest Service, in its Complaint, argued that it had the right to remove or destroy the improvements on the claims pursuant to 36 C.F.R. § 262.12[7], and according to the defendant, that section cannot be applied to "buildings." Defendant's Memorandum Opposing Plaintiff's Motion for Summary Judgment filed on March 20, 1987, at 4.

---

**6.** *See also* Fed.R.Civ.P. 56(e), which provides in part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is an genuine issue for trial. If the adverse party does not so respond, summary

judgment, if appropriate, shall be entered against the adverse party."
U.S.C.S. Rules of Civil Procedure, Rule 56(e) (Law. Co-op.1987 & Supp.1990).

**7.** Title 36 C.F.R. 262.12(a) (1989) provides in part that: "Automobiles, or other vehicles, trailers, boats and camping equipment and other inanimate personal property on National Forest Service lands without authorization of a Forest officer which are not removed ... may be impounded by the Forest officer.

However, in the court's review of the record, the court cannot find where the government is basing its authority to remove the structures on Section 262.12. Instead, the government bases its authority to remove the structures on Sections 228.4 and 261.10(a) and the supporting case law. Accordingly, the court finds that this argument is without merit in that it does not address nor dispute the claims made by the government.

■ (b) The defendant also disputes the authority of the Forest Service to require that an operating plan be submitted. Again, he does not raise an issue of material fact, but challenges the Forest Service's decision to require an operating plan. He argues Section 228.4 only requires an operating plan when there is actual mining or other work disturbing the surface, and thus, because he was not doing any mining or work on the claims he should not have to file an operating plan. Defendant's Memorandum Opposing Plaintiff's Motion for Summary Judgment, filed March 20, 1987, at 4–6. However, the defendant offers no support at all for this proposition, other than his interpretation of the regulations.

The plaintiff on the other hand, cited the Ninth Circuit case of *United States v. Brunskill,* 792 F.2d 938, 940–41 (9th Cir. 1986), where the court held that the maintenance of structures, including a cabin, mill, and other structures, did constitute a significant surface disturbance within the scope of the regulations such that an approved operating plan was required. Memorandum in Support of Motion for Summary Judgment, filed March 6, 1987, at 8–9.

The defendant, in an attempt to distinguish *Brunskill,* states that *Brunskill* "involved a case in which a mill, cabin, and other structures were *being built* on a millsite without approval." Defendant's Memorandum Opposing Plaintiff's Motion for Summary Judgment, filed March 20, 1987, at 10 (emphasis added). The defendant acknowledges that the court held that this was a significant disturbance of the surface to require an operating plan. *Id.* However, a more careful reading of the facts indicates that these structures were

not "being built" but instead that, "[t]he Brunskills [were] *maintain[ing]* a cabin, an uncompleted mill building, tool shed, shower, and outhouse on the millsite." *United States v. Brunskill,* 792 F.2d at 939 (emphasis added).

Therefore, the court finds that defendant's attempt to distinguish the *Brunskill* case is misplaced. The court further finds that the maintenance of these types of structures, under the Forest Service's current policies and the law of this circuit, is a significant surface disturbance which requires an operating plan.

■ (c) The defendant also attempts to distinguish each case that the plaintiff has cited in its brief in support of its motion. As outlined above, the court finds this argument non persuasive in that the defendant does not attempt to raise any factual disputes in the case at bar that would prevent the entry of summary judgment. Simply disputing the interpretation and application of certain case law, without providing your own interpretation and opposing case law, will not meet the standards of opposing a Rule 56 motion.

(d) Finally, the defendant asks the court to adjudge the following issues: (i) whether Section 262.12 is applicable; (ii) who has title to the cabins; and (iii) whether Burnett should have been required to submit an operating plan. Defendant's Memorandum Opposing Plaintiff's Motion for Summary Judgment, filed March 20, 1987, at 12–13. The court finds that none of these questions present issues of material fact that would prevent entry of summary judgment.

The court, therefore, finds that plaintiff's Motion for Summary Judgment should be granted "because the defendant has failed to offer any evidence even outlining a genuine issue of material fact in response to Plaintiff's motion or in support of his own." Reply Brief in Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment, filed April 7, 1989, at 3.

**B.** *Defendant's Cross–Motion for Summary Judgment*

The defendant has also moved for summary judgment. In his brief in support of this motion the defendant states that there are six issues involved in this case:

(1) Can the Forest Service prevent the location of a cabin on an unpatented mining claim validly located, if the cabin is used to store tools, equipment, and supplies?

(2) Can the Forest Service prevent the location of the cabin if the cabin is used to house workmen? [8]

(3) Does Section 262.12 apply to the facts in this case?

(4) Is a plan of operations required?

(5) Was the Forest Service's decision rejecting the plan unreasonable, arbitrary, and in excess of statutory authority?

(6) Did the Forest Service act unreasonably and in excess of its statutory authority under the facts in this case?

The majority of the defendant's brief in support of his motion for summary judgment, consists of a verbatim discussion of the same arguments and discussion of the case law from his brief in opposition to plaintiff's summary judgment motion. Accordingly, the court will not reiterate its findings and conclusions as to those portions of the brief.

The only other argument in defendant's brief is a discussion of several cases cited by the Forest Service when it rejected the operating plan submitted by the defendant. These cases were cited by the Forest Supervisor, Tom Kovalicky, in his August 4, 1987, Decision Statement to the defendant. In this statement, Mr. Kovalicky affirms the conclusion made by the District Ranger that "case law supports the requirement that structures must be reasonably necessary for and incidental to mining activities." Administrative Appeals Record, filed March 31, 1989, First Level Appeal, Forest Supervisor's Decision Statement dated Aug. 4, 1987, at 3. Again, the defendant only tries to distinguish the Forest Service's interpretation of these cases. The defendant does not cite any authority that would indicate that the Forest Service's interpretation of these cases was wrong or contrary to law, nor does he cite any authority that would indicate that a different result is warranted. The court, therefore, finds that Defendant Burnett's motion for summary judgment should be denied.

## III. CONCLUSION

Based on the foregoing analysis, the applicable standards under Rule 56, and the direction given by the Ninth Circuit in deciding these issues, this court finds that under the policies of the Forest Service and pursuant to federal regulations, the defendant must remove the structures and personal property from the unpatented mining claims. Without the requisite approval by the Forest Service, the structures and personal property constitute a trespass upon government property. Because the defendant has failed to: (1) make a showing sufficient to establish a genuine issue of material fact; (2) show that there is an issue that may reasonably be resolved in favor of either party; and (3) come forward with more persuasive evidence than would be otherwise necessary when the factual context makes the non-moving party's claim implausible, the court finds that summary judgment in favor of the plaintiff is appropriate.

■ The only remaining issue that the court will address is the issue of who should pay for the costs of the removal of the buildings and structures if and when Mr. Burnett fails to remove them. In oral arguments, the court asked the government for authority that would allow the court to order Mr. Burnett to pay the costs of removal by the Forest Service. On September 20, 1990, the government filed a supplemental brief outlining its authority for this requested relief. On September 19, 1990, the defendant filed his reply brief

---

**8.** The court finds it interesting to note that this issue was not addressed in either of the parties' briefs or in oral argument.

to the government's supplemental brief. The government cites authority for the proposition that the United States has, with respect to its own land, the same rights as an ordinary land owner. However, the government has failed to cite any statutory authority under the regulations and laws from which it is requesting the removal of said structures and personal property, which allows the government to collect from an individual in Mr. Burnett's position. Therefore, having reviewed the briefs and the statutory and case law on this issue, the court finds that the government's position on this issue is not well taken.

### IV. ORDER

Based upon the foregoing, and the court being fully advised in the premises,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment filed on March 6, 1987, should be, and is hereby, GRANTED.

IT IS FURTHER ORDERED that the defendant shall remove all the buildings and personal property from these mining claims on or before July 1, 1991, and in the event he fails to do so by said date, the Forest Service may remove the buildings and personal property at the Forest Service's own expense.

IT IS FURTHER ORDERED that the defendant shall not construct or maintain any structures or personal property on said unpatented mining claims without first complying with the Forest Service's policies and regulations, as outlined and interpreted in this opinion.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment filed on February 23, 1988, should be, and is hereby, DENIED in its entirety.