**UNITED STATES, Plaintiff,**

v.

**Terry Lee McCLURE, Defendant.**

**No. F2092617.**

United States District Court,
E.D. California.

Feb. 22, 2005.

Samantha Spangler, Sacramento, CA, for Plaintiff.

R. Dabney Eastham, Attorney at Law, Seiad Valley, CA, for Defendant.

### *ORDER*

KELLISON, United States Magistrate Judge.

Defendant's Motion to Dismiss the citation/violation notice [Violation] pursuant to Rule 12(b)(2) & (3) of the Federal Rules of Criminal Procedure came on regularly for hearing on January 18, 2005, before the Honorable Craig M. Kellison, United States Magistrate Judge. R. Dabney Eastham appeared for and on behalf of Defendant, Terry Lee McClure; and Assistant U.S. Attorney Samantha S. Spangler appeared on behalf of the United States of America [Government].

Defendant moves to dismiss the Violation on the ground that it fails to state an offense. The gravamen of Defendant's argument is that Defendant is charged with using National Forest System land without special-use authorization, when the alleged activity that he is charged with doing (gold mining) does not require "special-use authorization". 36 C.F.R. 251.50(a).

Based on the very specific language in § 251.50(a) exempting such activity; and the court's ruling in *Unites States v. Lex*, 300 F.Supp.2d 951, 960–61 (E.D.Cal.2003) [*Lex & Waggener*], this Court agrees.

On September 1, 2004, the Defendant was charge with violating 36 C.F.R. 261.10(k) which prohibits use of National Forest System land in the absence of "special-use authorization".[1]

---

1. § 261.10 Occupancy and use.

The following are prohibited:

(a) Constructing, placing, or maintaining any kind of road, trail, structure, fence, enclosure, communications equipment, or other im-

In that portion of the Violation entitled "Offense Description" the Defendant is charged with "use or occupancy of national forest system land without special use authorization pursuant [to] 16 USC 551".[2]

The Statement of Probable Cause on the reverse side of the Violation provides a narrative by the citing officer.[3]

provement on National Forest System lands or facilities without a special use authorization, contract, or approved operating plan, unless such authorization, contract, or operating plan is waived pursuant to § 251.50(e) of this chapter.

(b) Taking possession of, occupying, or otherwise using National Forest System lands for residential purposes without a special-use authorization, or as otherwise authorized by Federal law or regulation.

(c) Selling or offering for sale any merchandise or conducting any kind of work activity or service unless authorized by Federal law, regulation, or special-use authorization.

(d) Discharging a firearm or any other implement capable of taking human life, causing injury, or damaging property as follows:

(1) In or within 150 yards of a residence, building, campsite, developed recreation site or occupied area, or

(2) Across or on a National Forest System road or a body of water adjacent thereto, or in any manner or place whereby any person or property is exposed to injury or damage as a result in such discharge.

(3) into or within any cave.

(e) Abandoning any personal property.

(f) Placing a vehicle or other object in such a manner that it is an impediment or hazard to the safety or convenience of any person.

(g) Commercial distribution of printed material without a special use authorization.

(h) When commercially distributing printed material, delaying, halting, or preventing administrative use of an area by the Forest Service or other scheduled or existing uses or activities on National Forest System lands; misrepresenting the purposes or affiliations of those selling or distributing the material; or misrepresenting the availability of the material without cost.

(i) Operating or using in or near a campsite, developed recreation site, or over an adjacent body of water without a permit, any device which produces noise, such as a radio, television, musical instrument, motor or engine in such a manner and at such a time so as to unreasonably disturb any person.

(j) Operating or using a public address system, whether fixed, portable or vehicle mounted, in or near a campsite or developed recreation site or over an adjacent body of water without a special-use authorization.

(k) *Use or occupancy of National Forest System land or facilities without special-use authorization when such authorization is required.*

(l) Violating any term or condition of a special-use authorization, contract or approved operating plan.

(m) Failing to stop a vehicle when directed to do so by a Forest Officer.

(n) Failing to pay any special use fee or other charges as required.

(o) Discharging or igniting a firecracker, rocket or other firework, or explosive into or within any cave.

2. 16 U.S.C.551 provides as follows:

*The Secretary of Agriculture* shall make provisions for the protection against destruction by fire and depredations upon the public forests and national forests which may have been set aside or which may be hereafter set aside under the provisions of section 471 of this title, and which may be continued; and he *may make such rules and regulations and establish such service as will insure the objects of such reservations, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction;* and any violation of the provisions of this section, sections 473 to 478 and 479 to 482 of this title or such rules and regulations shall be punished by a fine of not more than $500 or imprisonment for not more than six months, or both. Any person charged with the violation of such rules and regulations may be tried and sentenced by any United States magistrate judge specially designated for that purpose by the court by which he was appointed, in the same manner and subject to the same conditions as provided for in section 3401(b) to (e) of Title 18.

3. [S. White] contacted Terry L. McClure along the Salmon River, on lands administered by the Six Rivers National Forest. McClure *was operating a gold mining suction dredge* in the river. On 8/30/04, McClure had been verbally warned by Forest Service personnel that dredging operations required prior authorization from the Forest Service. On 8/31/04,

In the present case, the alleged offense (being a Class B misdemeanor) [4] is chargeable by way of citation or violation notice.

Rule 58(b)(1) of the Federal Rules of Criminal Procedure allows that the trial of a petty offense may proceed by way of a citation or violation notice as the charging document. A citation or violation notice is the functional equivalent of an indictment or an information. Like indictments and informations, a violation notice is required to cite the statute that the defendant is charged with violating. See Fed. R.Crim.P. 7(c)(1) (providing that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged" and shall include "the official or customary citation of the statute, rule, regulation or other provision of law which the

defendant is alleged therein to have violated").

In Defendant's motion to dismiss, he argues that since he is an individual engaged in mining activity [5] which specifically does not require "special-use authorization" that he cannot be convicted under § 261.10(k). In support of this argument he references 36 C.F.R. 251.50(a) and cites this court's recent decision in *Lex & Waggener, supra.* In *Lex & Waggener, supra* at 959–960, Judge Karlton noted that:

> "36 C.F.R. § 261.10(b) under which appellants were convicted, does not prohibit occupancy that is subject to a special use authorization or that is "otherwise authorized." Here, because activity *960 covered by the Forest Service's mining regulations is excluded from the special use regulations, see 36 C.F.R. *§ 251.50(a),* [6] the appellants could not ob-

McClure had been personally served with a letter advising him that authorization was required. On both occasions, McClure had told the Forest Service personnel that he had no intention of submitting required paper work to seek authorization for this activity, and that he intended to to operate his dredge without any authorization. McClure told me the same thing on 9/1/04. Auth. Required as per 36 CFR 228.4a.

4. 36 C.F.R. 261.1b provides that [a]ny violation of the prohibitions of this part (261) shall be punished by a fine of not more than $500, or imprisonment for not more than six months, or both, pursuant to title 16 U.S.C., section 551, unless otherwise provided.

Part (261) prohibitions are defined as Class B misdemeanors under 18 USC 3559(7); and are classified as "petty offenses" pursuant to 18 U.S.C. 19. Under 18 U.S.C. 3571(6), the maximum fine was increased to $5,000.

5. A perpetual concern of the Forest Service is the use of National Forest Service land for recreational or residential purposes under the auspices of mining. See generally, *United States v. Shumway,* 199 F.3d 1093, 1103 (9th Cir.1999); *United States v. Nogueira,* 403 F.2d 816 (9th Cir.1968). In these situations, the individuals are simply trespassers, and argu-

ably, suitable candidates for special-use authorization. Unfortunately, this observation does not assist the Forest Service in the present case. In the body of the Violation, the citing officer observed that Defendant "was operating a gold mining suction dredge in the river." In order for an individual to be subject to the requirements set forth in Part 228 (Mining Regulations), mere entry into National Forest System land for exploration or prospecting purposes is sufficient. In 36 C.F.R. 228.3 [mining] operations are simply defined as all "functions, work, and activities in connection with prospecting, exploration, development, mining or processing or mineral resources and all uses reasonably incident thereto..." Certainly, this is broad enough to include the Defendant's alleged activities described in the Violation.

6. § 251.50(a) Scope.

(a) All uses of National Forest System lands, improvements, and resources, *except* those authorized by the regulations governing sharing use of roads (§ 212.9); grazing and livestock use (part 222); the sale and disposal of timber and special forest products, such as greens, mushrooms, and medicinal plants (part 223); and *minerals (part 228)* are designated "special uses." Before conducting a

tain a special use authorization for their activity which was subject to the mining regulations."

The Government argues that the term "special-use authorization" as used in § 261.10(k) broadly includes a "plan of operations," as said term is used in 36 C.F.R. 228.4 and 36 C.F.R. 228.5. The Government suggests that a "plan of operations" is a specific type of permit and included by implication within the definition of "special-use authorization" as set forth in 36 C.F.R. 261.2 which provides in pertinent part:

> The following definitions apply to [Subpart A—General Prohibitions]:
>
> .     .     .     .     .
>
> Special-use authorization means a per-mit, term permit, lease or easement which allows occupancy, or use rights on National Forest System land.

To adopt this argument would be contrary to the court's ruling in *Lex & Waggener, supra,* but more importantly, would render the statutory language in 36 C.F.R. 251.50(a) meaningless. This, the Court will not do. The terms "special-use" and "special-use authorization" as used in Title 36 C.F.R. are terms of art and are to be afforded the same meaning throughout title 36 C.F.R. We are also guided by the canon that identical terms used in different parts of the same act or legislation are intended to have the same meaning. *Gustafson v. Alloyd Co., Inc.,* 513 U.S. 561, 570, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995).

The Court is mindful that the Forest Service oftentimes has difficulty in attempting to correspond an individual's alleged illegal activity with a specific Part 261 prohibition. The various categories of prohibited activities on National Forest System land as set forth in 36 C.F.R. 261 [Part 261—Prohibitions] are often confusing, and very rarely inclusive.[7] A miner may be charged under 36 C.F.R. 261 for violating an approved plan of operations, *United States v. Doremus,* 888 F.2d 630 (9th Cir.1989); 36 C.F.R. 261.10(1), but, may not be charged for failing to submit a "notice of intent" or to file a "plan of operations." when required to do so. *Lex & Waggener, supra,* at 959–60.

For the foregoing reasons, and good cause appearing,

---

special use, individuals or entities must submit a proposal to the authorized officer and must obtain a special use authorization from the authorized officer, unless that requirement is waived by paragraphs (c) through (e)(3) of this section.

7. Being the Judge that was reversed in *Lex & Waggener,* I must remind myself that *Lex & Waggener* did not create the Part 261 enforcement problem—it simply defined it. Under Part 261, a miner can be charged with violating a "Plan of Operation," [Doremus & § 261.10(1)], but not by failing to obtain a "Plan of Operation" when required to do so under Part 228. The Court understands that pursuing a Part 261 violation against a non-complying miner is a preferred remedy since it is expeditious and often results in a probationary term which mandates the miner's compliance. Here, the Government is not without remedy. It has always had the option of pursing civil abatement. See generally, *United States v. Shumway,* 199 F.3d 1093, 1106 (9th Cir.1999); *Unites States v. Nogueira,* 403 F.2d 816, 825 (9th Cir.1968); *United States v. Anderson* 645 F.Supp. 3, 5 (E.D.Cal.1985); *United States v. Langley,* 587 F.Supp. 1258, 1266 (E.D.Cal.1984); *United States v. Smith Christian Mining Enterprises, Inc.,* 537 F.Supp. 57, 64 (D.Or.1981); *Bales v. Ruch,* 522 F.Supp. 150, 155 (E.D.Cal.1981). Likewise, the Government is free to pursue criminal proceedings under appropriate sections of Part 261 for "waste" or "resource destruction" (*Doremus; United States v. Good,* 252 F.Supp.2d 1306 (D.Colo.2000)); and Title 18 U.S.C. (*United States v. Campbell,* 42 F.3d 1199 (9th Cir.1994)); Similarly, it may simply choose to amend § 261.10 to make criminal a miner's failure to file a notice of intent and/or plan of operation. See *Lex & Waggener* at 962. Here, however, § 261.10(k) is not an appropriate vehicle.

It is hereby Ordered that Defendant's Motion to Dismiss Violation Notice F2092617 is hereby granted.