MARLAR *v.* BOARD OF SUP'RS OF TISHOMINGO COUNTY.

(Division B.  April 10, 1939.)

[187 So. 879.  No. 33649.]

W. C. Sweat, of Corinth, for appellant.

Jesse **D. Finch,** of Iuka, and **Thos. H. Johnston,** of Corinth, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

On the second day of January, 1939, the Board of Supervisors of Tishomingo county met with four members present, one of whom was M. F. Marlar; the president was absent on account of illness. On Tuesday morning, January 3rd, an order was entered, employing W. C. Hunt as driver of the county truck for the fiscal year 1938-9; when the motion was put as to the election or appointment of Hunt for the position, two members of the Board voted affirmatively, and the other two did not vote at all, and the order was entered on the minutes. On a later day of the term Marlar and Waddle had the Clerk of the Board to enter on the minutes that they voted "nay" in the matter of Hunt's appointment, and that the president, A. B. Long, was absent, and not voting.

Thereupon, after discussion of the matter before the Board, it was decided to have someone take an appeal to the Circuit Court for the purpose of testing the validity of Hunt's appointment. The bill of exceptions, signed by the president pro tem, recites the following: "Whereas, on the 2nd day of January, 1939, among other things coming before the Board for consideration was the election of a county truck driver for said county, whereupon D. T. Moss, member of the Board for the first district made a motion to elect W. C. Hunt as the truck driver and the same being seconded by H. G. Finch, member of the Board from the fourth district the ques-

tion was put before the Board, and those voting for the election of W. C. Hunt, as truck driver, were H. G. Finch member of the Board from the 4th district and D. T. Moss, M. F. Marlar, of the second district, not voting at that time, and B. D. Waddle, of the 5th district, acting as president pro tem of the Board, not voting. And whereas on Thursday the 5th day of January, 1939, while the Board was still in session M. F. Marlar and B. D. Waddle requested the Clerk of said Board to record their names on the minutes as having voted against the said W. C. Hunt, which was accordingly done by the Clerk, and the names of D. T. Moss and H. G. Finch as having voted for W. C. Hunt. There being some question as to the legality of these proceedings, which will be embodied in a special bill of exceptions, for the court to determine the legality of the action of the Board; It is ordered by the Board that some aggrieved party shall make up and file a bill of exceptions setting forth the facts as stated above, for the courts to determine the legality of the proceedings in such case. It is further ordered by the Board that this be recorded on the minutes of the Board of Supervisors. Done in regular session this the 5th day of January, 1939. B. D. Waddle, President Pro Tem.''

Then appears in the record the following: ''To the Honorable Board of Supervisors of Said County: The undersigned, C. E. Marlar, a resident citizen and tax payer of Tishomingo county, Mississippi, feeling aggrieved by a certain action of the Board of Supervisiors of said county on the 2nd day of January, 1939, being the first day of the regular January, 1939, session of said Board in the election of W. C. Hunt as truck driver of the county truck for said county and files this his bill of exceptions to the action of said Board as follows; First, that a majority of the Board did not vote for the election of W. C. Hunt. Second, B. D. Waddle, President pro tem. of the Board, had a right to vote. Third, that B. D. Wad-

dle and M. F. Marlar, members of the Board, had a right to have their votes recorded on the minutes of the Board on the 5th day of January, 1939, while the Board was in session. Fourth, that M. F. Marlar and B. D. Waddle, members of the Board, did not vote on the 2nd day of January, 1939. Wherefore petitioner filed this his bill of exceptions to the action of the Board in declaring W. C. Hunt elected, and asks that a transcript of the record be made up and sent to the Circuit Court to be reviewed by said Court, tendering herewith the bond in the sum of $100.00, conditioned according to law. Respectfully submitted, C. E. Marlar.''

Bond was given by C. E. Marlar, signed by Kim Marlar and Jasper Julen. On the appeal to the Circuit Court the judgment of the Board of Supervisors was affirmed; from which this appeal is prosecuted.

While somewhat novel as applied to a Board of Supervisors, it is common parliamentary practice in many bodies to put a motion, and where only a few vote for it, and none against it, to consider the motion carried or adopted, although the parties voting therefor constitute a minority of the membership of the body. It is not unusual in the legislature, and in other bodies, for measures to be carried by a very small vote, with none voting against them. There is an old maxim applicable in such case, that ''silence gives consent;'' and when a question is put and voted for affirmatively by those entitled to vote, with no negative votes, or with fewer than the affirmative votes, the matter is considered carried or adopted. The appointment of Hunt having been made in this manner on the second day of the term, and entered on the minutes as a contract, it was valid until set aside by a majority vote. We think, therefore, that the order of the Board, employing Hunt, was effective on the second day of the term, the third and fourth days of January; and the entry of the negative votes on the minutes, after this adoption, by two members out of four

was insufficient to set aside the former order, making the appointment.

The judgment of the court below accordingly will be affirmed.

Affirmed.