193 So.2d 741 (1967)
Dale H. McKIBBEN et al.
v.
CITY OF JACKSON, Mississippi et al.
No. 44288.
Supreme Court of Mississippi.
January 16, 1967.
*742 Butler, Snow, O'Mara, Stevens & Cannada, Harold D. Miller, Jr., Joe T. Patterson, Atty. Gen., by John E. Stone, Asst. Atty. Gen., Jackson, for appellants.
Valentine Surgis, E.W. Stennett and W.T. Neely, Gene A. Wilkinson, E. Grant Tharpe, Jackson, for appellees.
PATTERSON, Justice.
This is an appeal from a final judgment of the Circuit Court of the First Judicial District of Hinds County. The judgment of the circuit court affirmed an order of the City Council of Jackson, Mississippi, dated February 15, 1966, which adopted the recommendation of the zoning committee rezoning the involved property from residential use to commercial use.
The property is located on the south side of Lakeland Drive near its intersection with Ridgewood Road. It abuts proposed State Highway No. 25 to the north, the property of Mississippi Power & Light Company and its substation to the east, vacant and undeveloped property to the south, and Southerland Street to the west. Across the proposed State Highway No. 25 to the north is the property of the State of Mississippi upon which the Mississippi Research and Development Center is to be located, and diagonally to the northeast across said road is the property of River Hills Club. Both of these properties are nonresidential. The lots immediately to the west and across Southerland Street are vacant, though further west and adjoining the vacant property there are residences. The property of the protestants lying south of proposed State Highway No. 25, west of Southerland Street, north of Lakeside Drive and east of Lakeward Drive is zoned residential A-1. A more precise description of the property in question may be found in the order of the city council which reclassified this property from residential to commercial, the proceeding being designated Case No. 338-B on the city docket.
W.B. Sims, one of the appellees, filed a petition for rezoning on October 11, 1962, which was designated as Case No. 338. On May 14, 1963, the zoning committee recommended *743 that the petition be denied, and thereafter on September 15, 1964, the city council denied this application. This decision was not appealed.
On August 20, 1965, eleven months later, the appellees filed a petition for rehearing. This proceeding was designated Case No. 338-B, and the petition was approved by the zoning committee. Thereafter the zoning committee recommended that the property be rezoned to commercial usage with certain restrictions. After a hearing, the city council on February 15, 1966, rezoned the subject property from residential A-1 uses and purposes to commercial uses and purposes, thereby approving the advisory recommendation of the zoning committee. The order of the city council was affirmed by the circuit court from which this appeal is perfected.
The protestants most vitally concerned, though all of their properties are not within 160 feet of that sought to be rezoned, are those who live or own property in the block immediately to the west of the litigated property. The facilities of the Research and Development Center, an agency of the State of Mississippi, will be located on stateowned property situated across Lakeland Drive (proposed State Highway No. 25) to the north. Though it filed no formal protestation to the rezoning petition, the State of Mississippi joins with the other protestants in their brief on this appeal. It seeks legal status as a party to this suit.
The appellants contend that the adoption of the rezoning ordinance and the subsequent action of the circuit court in affirming it were erroneous for the following reasons:
I. There has been no material change in circumstances since the initial decision on this petition for rezoning (Case 338), and the proper application of the doctrine of res judicata required a denial of this petition.
II. The ordinance rezoning appellees' property from residential to commercial is a clear example of "spot zoning" and, therefore, is an unlawful exercise of the City's legislative authority.
III. There was no evidentiary justification for the City's action and its amendment to the zoning ordinance in this instance is unfair, arbitrary, and capricious, and it cannot be sustained.
IV. The State of Mississippi, acting through its duly created agency, has the power and the right to oppose the commercialization of the subject property.
V. The City Council denied appellants their constitutional rights by denying them their right of cross-examination and confrontation of adversaries.
VI. The City Council erred in admitting appellees' rebuttal proof into evidence.
The first assignment of error necessitates a finding of whether there was a material change of circumstances during the eleven months that intervened between the first petition for rezoning, which was denied, and the subsequent petition which resulted in the property being rezoned. City of Jackson v. Morgan and Fowler, Miss., 193 So.2d 555 (1967); City of Jackson v. Wilson, Miss., 195 So.2d 470 (1966); and Westminster Presbyterian Church v. City of Jackson, 253 Miss. 495, 176 So.2d 267 (1965). The following findings of the city council on the appellants' petition for rehearing are significant in regard to the alleged change in circumstances:
(1) The contract has been let and construction begun for the construction of Mississippi Highway No. 25, and said Highway abuts the entire frontage of said property and materially affects said property.
(2) The Legislature of the State of Mississippi has authorized the construction of a Research and Development Center and Hinds County, Mississippi, on April 6, 1965, by public vote authorized issuance of bonds in the amount of $2,000,000 for construction of additional buildings in *744 connection with said Research and Development Center; that the said facility, costing millions of dollars, would materially change the immediate area involved; that the site for the construction thereof has been fixed and located on said Highway No. 25, across from the petitioner's property.
(3) The contract has been let and construction begun for an all-directional ingress and egress interchange from said Highway 25 with U.S. Interstate Highway No. 55, which connection is just west of and which interchange will substantially affect the property in question.
The evidence on the rehearing and the petition for rezoning the property substantiate the changes during this time. The protestants contend, however, that the changes found by the council to have occurred during the intervening period were in effect considered by the council on the first hearing, since evidence pertinent to the then-proposed changes was at that time introduced. We are of the opinion this contention is not well taken since we consider the difference between a proposed bond issue of $2,000,000 and a bond issue of $2,000,000 in fact to be both significant and material. We consider also the transformation from a proposed state highway to a highway under construction, as is evidenced by the letting of a contract therefor with exact description as to its location and other details, to be material and significant. Additionally, a legislative enactment creating the Research and Development Center was passed July 1, 1964, (Miss. Laws 1964, ch. 216) signifying that the research center was not in existence at the time the zoning committee made its decision that the petition for rezoning be denied. If the proposed center was considered by the city council in its deliberation, it could not have been with any degree of specificity since the location of the facilities for such center was not definitely known until after the council's order. We are of the opinion, therefore, that the appellees have met the burden of proof imposed upon them to show material changes since the first hearing and that the plea of res judicata is not well taken.
The appellants next contend that the council's order rezoning the property from residential to commercial is unlawful and that it is a clear example of "spot zoning." There is a clear cut distinction between a validly enacted amendatory zoning ordinance and a "spot zoning" ordinance. Not all amendments which change or alter the character of a use district fall within the category of "spot zoning" as we generally understand the term. The term "spot zoning" is ordinarily used where a zoning ordinance is amended reclassifying one or more tracts or lots for a use prohibited by the original zoning ordinance and out of harmony therewith. Whether such an amendment will be held void depends upon the circumstances of each case. The one constant in the cases, as stated by the textwriter, where zoning ordinances have been invalidated due to "spot zoning" is that they were designed "to favor" someone. See 1 Yokley Zoning Law and Practice §§ 8-1 to 8-3 (3rd ed. 1965). This factor is not suggested here. The property in question is not rezoned at variance to the other properties that it immediately abuts. The property to its immediate east is commercial; the property across Lakeland Drive to the northeast is commercial; the property across Lakeland Drive to the north and northwest is not residential since it belongs to the State of Mississippi, and upon which will be located the Research and Development Center; the property to the west across unopened Southerland Street, much of which is vacant, is classified as residential as is the adjacent vacant property immediately to the south. We conclude from the circumstances in this case, as reflected by the evidence, that there is no indication of "spot zoning" as urged by the protestants and appellants or as defined by the textwriter. The prior order of the city council denying rezoning did use the term "spot zoning." From the facts then before it the city council concluded that reclassification at *745 that particular time would have constituted "spot zoning." However, it could quite properly find, due to changed circumstances, that a later reclassification could be made without encroachment upon the prohibition against "spot zoning." We are of the opinion that the council's order of reclassification in the present case is not "spot zoning" and that this assignment of error is not well taken.
The next assignment of error, that the council's action in rezoning in this instance is unfair, arbitrary and capricious, is not well taken, since there is ample evidence in the record to support the council's conclusion. As a matter of fact, the great weight of the evidence supports the conclusion of the city council in rezoning to commercial.
The next contention of the appellants, that the State of Mississippi has the power and the right to oppose the petition for commercialization of the property, requires a degree of explanation, since it apparently came from portions of the written ruling of the circuit judge on appeal. In passing upon this matter he stated:
While the State might have the power to intervene and object to a zoning ordinance of municipalities, I do not think it has the right to do so. Municipalities are the creatures of the State, and every right they have comes from the grant of the State. In other words, the State has a right to give and the right to take away from municipalities. It would be incongruous and wrong for the State to engage itself in a zoning contest.
This statement by the court is dictum since it was not necessary to the court's ruling. Though aware that comment upon dicta is probably also dicta, we are of the opinion that the State has the authority to own land, and having this authority, it seems only logical that it would have the right commensurate with ownership to do that which is necessary to protect the same by way of defense of title, trespass, etc., as well as to prosecute, defend or intervene in rezoning cases if thought necessary by the proper public officials who have the authority to act in its behalf in other property suits.
The remaining assignments of error, that the council denied appellants their constitutional right of cross-examination and confrontation of adversaries and in admitting rebuttal evidence by the appellees, is not well taken since no objection was made by the protestants to the procedure followed by the city. They were offered time by the council in which to file additional evidence, which offer was declined, and no request was made for cross-examination as is evidenced by the bill of exceptions made a part of the record in this cause.
The judgment of the circuit court, which affirmed the order of the city council adopting the recommendation of the zoning committee, is affirmed.
Affirmed.
ETHRIDGE, C.J., and INZER, SMITH and ROBERTSON, JJ., concur.