338 So.2d 998 (1976)
George TINDALL et ux.
v.
CITY OF LOUISVILLE.
No. 48909.
Supreme Court of Mississippi.
November 2, 1976.
Fair & Mayo, James Mayo, Louisville, for appellants.
Deramus & Strickland, John W. Chapman, Louisville, for appellee.
Before GILLESPIE, C.J., ROBERTSON and LEE, JJ., and NEAL B. BIGGERS, Commissioner.
*999 NEAL B. BIGGERS, Commissioner, for the Court:[1]
George Tindall and wife appeal from a judgment of the Circuit Court of Winston County, Mississippi, affirming the order of the Mayor and Board of Aldermen of the City of Louisville, Mississippi, denying their petition to rezone their property from residential to commercial.
The property of the appellants sought to be rezoned has a frontage of 190 feet on the east side of South Church Street, sometimes referred to as Highway 15. The Tindall property is approximately 170 feet deep, being bounded on the north side by Oak Street and on the South side by the Grunt Mitchell property. Immediately south of the Mitchell property on the same side of South Church Street is Mitchell Small Engine Service, and south of that is Sonny's Furniture Company. South of Sonny's is a residence and then Pine Street.
At the hearing on the petition to rezone, Tindall testified that if the property were rezoned he would put a car wash service on it, and if space permitted he would probably rent the additional space to a lessee interested in constructing a car lot and barber shop.
After hearing the testimony of the witnesses in favor of rezoning and those against, the Mayor and Board of Aldermen voted to deny the request to rezone.
Prior to the appeal being heard by the Circuit Court, the City of Louisville granted a petition to rezone from residential to commercial the Marshall "Grunt" Mitchell property, which adjoined appellants' property on the south. Upon learning of this action by the City, the appellants asked for and were granted a rehearing on their petition. After reconsidering the matter the Board of Aldermen voted three to two in favor of granting the appellants' request to rezone. However, the City was of the opinion that Mississippi Code Annotated section 17-1-17 (Supp. 1976), applied and that the Tindall property still should not be rezoned. Section 17-1-17 provides in part:
"In case of a protest against such change signed by the owners of twenty percent (20%) or more, either of the area of the lots included in such proposed change, or of those immediately adjacent to the rear thereof, extending one hundred sixty (160) feet therefrom or of those directly opposite thereto, extending one hundred sixty (160) feet from the street frontage of such opposite lots, such amendment shall not become effective except by the favorable vote of two-thirds (2/3) of all the members of the legislative body of such municipality or county."
The record does not reflect that the objecting landowners come within the category of owners described in Section 17-1-17, nor does the record reflect that the number of owners signing the protest constituted twenty per cent or more of the owners within the boundaries prescribed by the statute.
If a city is going to rely on that provision of Section 17-1-17 requiring more than a majority vote to rezone property, the burden is upon the city to affirmatively prove that 20% or more of the protesting landowners fit within that class of landowners outlined in the statute and must make a special finding to that effect in its Order denying the rezoning. Since the appellee City failed to meet this burden, a majority vote of the Board would be sufficient to require rezoning of the property.
The court is of the opinion that the appellants' property should be rezoned for the additional reason that after the appellee rezoned the Mitchell property immediately south of and adjoining the appellants' property, it left the appellants' property isolated between three commercial lots immediately to its south and Oak Street on the north. For this reason and the fact that the neighborhood is becoming largely commercial, as reflected in the record, this Court is of the *1000 opinion that the refusal to rezone the appellants' property from residential to commercial was an arbitrary and capricious action of the Board and is not supported by the evidence.
The judgment of the Circuit Court is reversed, and the prayer of the petition will be granted rezoning the appellants' property from residential to commercial.
REVERSED AND RENDERED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.