Gloria A. BROTHERS and Edgar C. Newall, Plaintiffs-Appellants,

v.

The UNITED STATES of America, Defendant-Appellee.

No. 77–3044.

United States Court of Appeals, Ninth Circuit.

Feb. 8, 1979.

As Amended on Denial of Rehearing March 22, 1979.

William B. Murray (argued) Portland, Ore., for plaintiffs-appellants.

John H. Harmon, Asst. Atty. Gen. (argued), Washington, D. C., for defendant-appellee.

Before WRIGHT and GOODWIN, Circuit Judges, and THOMPSON,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

The plaintiffs, Brothers and Newall, sued the government for inverse condemnation, alleging the taking of a mining claim and two cabins situated on the claim. We affirm a dismissal by the district court.[1]

The mining claim in question was held previously by Mrs. Wagner, a friend of the plaintiffs. In February 1974, after a proper hearing, an administrative law judge declared her claim invalid for lack of valuable mineral discovery, and she did not appeal. The Forest Service notified her several times in writing that, if she did not remove the cabins, they would become the property

---

* Hon. Bruce R. Thompson, of the District of Nevada.

1. We also affirmed the district court in a related case arising from this incident. Brothers and Newall v. Schimke et al., 594 F.2d 242 (9th Cir. 1978).

of the United States. When she failed to act, Forest Service officials met with her and with plaintiff Brothers on July 28, 1975, and advised her of a July 31, 1975, deadline to remove the property.

The day after the meeting the plaintiffs filed a claim coinciding with the boundaries of the Wagner claim. On July 31, 1975, the officials posted signs on the cabins stating that they were government property and trespass was prohibited. The plaintiffs later posted their own "no trespass" signs over the government signs but ceased using the cabins.

They then sued for inverse condemnation alleging that the posting of the cabins constituted a "taking" of both the cabins and their mining claim. The district court held that the plaintiffs had shown no possessory interest in the cabins and that, even if they could have done so, they had shown no value of the cabins entitling them to damages. The court also concluded that the Forest Service had not interfered with the plaintiffs' interests in their mining claim and that no taking of the claim had occurred.

## I.

### POSSESSORY INTEREST IN THE CABINS

■ The plaintiffs assert the court erred in holding that they had no possessory interest in the cabins. They concede that a mining claim and the buildings on it revert to the United States when abandoned by a previous claimant, but argue that, when the

claim is relocated, buildings as well as the land vest in the new locators.

The plaintiffs' reliance on *The Yankee Lode Claim*, 30 L.D. 289 (1900), is misplaced. That case dealt only with the rights of prior and subsequent mining claimants as against each other rather than with the rights of a claimant as against the United States. The plaintiffs also rely on dicta from *Gwillim v. Donnellan*, 115 U.S. 45, 5 S.Ct. 1110, 29 L.Ed. 348 (1885), arguing that, if a subsequent locator has rights superior to those of the previous locator, he necessarily has rights superior to those of the United States.[2] *Gwillim* is inapplicable here. It applies only where the plaintiff has *established* a valid claim,[3] rather than merely *locating* one as is the case here. Furthermore, it discusses the relationship of competing rights to a claim, not to abandoned improvements.

The plaintiffs had notice that the cabins had been abandoned to the government. The fact that the Forest Service gave Mrs. Wagner permission to remove them after the abandonment does not give the plaintiffs any rights or interest in them.

We conclude that the plaintiffs failed to establish a possessory interest in the cabins and we need not reach the question whether they were unlawfully taken by the government.[4]

## II.

### TAKING OF THE MINING CLAIM

■ The plaintiffs correctly contend that there is a taking of property when govern-

---

**2.** *Gwillim* involved a suit to determine the rights of two claimants to mining claims which overlapped one another in part. The Court stated:

> To entitle the plaintiff to recover in this suit, . . . it was incumbent on him to show that he was the owner of a valid and subsisting location of the lands in dispute, superior in right to that of the defendants. His location must be one which entitles him to possession against the United States, as well as against another claimant. If it is not valid against the one, it is not as against the other. 115 U.S. at 50, 5 S.Ct. at 1112.

**3.** In *Cole v. Ralph,* 252 U.S. 286, 296, 40 S.Ct. 321, 326, 64 L.Ed. 567 (1920), the Court discussed the elements of a valid claim:

> Location is the act or series of acts whereby the boundaries of the claim are marked, etc., but it confers no right in the absence of discovery, both being essential to a valid claim.

Although *Gwillim* discussed a "valid location," this term is used there as the equivalent of a "valid claim." Recognizing that a discovery was essential to a "valid location," the Court stated, "[i]f the title to the discovery fails, so must the location which rests upon it." *Gwillim,* 115 U.S. at 50, 5 S.Ct. at 1112.

**4.** Even if the government had unlawfully taken the cabins, we agree with the district court that the plaintiffs failed to establish their value.

ment action directly interferes with or substantially disturbs the owner's use and enjoyment of the property. *Pete v. United States,* 531 F.2d 1018, 1031, 209 Ct.Cl. 270 (1976). They assert that the posting of the cabins sufficiently interfered with their right to prospect their claim as to constitute a taking of the claim. *United States v. Pewee Coal Co.,* 341 U.S. 114, 71 S.Ct. 670, 95 L.Ed. 809 (1951).

The Forest Service does not dispute the plaintiffs' possessory interest in the mining claim. It concedes that they "still have their claim, can work it, and can apply for a patent." The taking in *Pewee Coal* was evidenced by much more than the posting of signs on the property, which is the only basis for the allegation here. The plaintiffs have suffered no direct interference with their possessory interest in the mining claim, and the district court properly dismissed the action.

AFFIRMED.