HAWKINS, Chief Justice,
for the Court:
This is an appeal from an order of the Circuit Court of Rankin County affirming the action of the governing authorities of the Town of Florence (Florence) amending a city ordinance to correct a mistake in boundaries of one of its districts. Finding there were not the votes required by statute to pass the ordinance, we reverse and render.
Subsequent to public hearings, recommendations of the Planning and Zoning Commission, and consideration of the issue, motion was made and seconded during a regular meeting of the Mayor and Board of Aider-men that the zoning ordinance be amended because of a mistake in the boundaries of the original zoning of one of its districts. Protest against the change was made in writing, signed by owners of more than twenty percent (20%) of the area of the lots included in the proposed amendment. Three aldermen voted in favor of the motion, one alderman and one alderwoman abstained. The Mayor declared that the motion passed.
Appeal via bill of exceptions to the Circuit Court of Rankin County was taken by the objectors to the zoning change.
The Circuit Court affirmed the action of the Florence governing authorities.
Objectors Oakman, Berry, and Kelleys appeal asserting, inter alia, that the Florence Board of Aldermen failed to approve the amendment to the ordinance by the necessary ⅜ vote of its Board as required by statute.
Florence contends that when a quorum of a governing body is present, those members who are present and do not vote will be considered as acquiescing with the majority. This, however, is contrary to the statute.[1]
Miss.Code Ann. § 17-1-17 (Supp.1990) prescribes the following requisites for municipal zoning changes:
In case of a protest against such change signed by the owners of twenty percent (20%) or more, either of the area of the lots included in such proposed change, or of those immediately adjacent to the rear thereof, extending one hundred sixty (160) feet therefrom or of those directly opposite thereto, extending one hundred sixty (160) feet from the street frontage of such opposite lots, such amendment shall not become effective except by the favorable vote of two-thirds (¾) of all the members of the legislative body of such municipality or county, (emphasis added.)
This case is controlled by our decision in Ezell v. City of Pascagoula, 240 So.2d 700 (Miss.1970). In Ezell, this Court interpreted a Mississippi statute providing, in substance, that at all meetings of the city council of a city operating under the Council-Manager Plan, a majority of the members thereof should constitute a quorum and that the affirmative vote of a majority of all of the members of such council should be necessary to adopt any motion, resolution or ordinance, or to pass any measure whatever. In hold- *997 mg that the statute was in no wise ambiguous in its stipulation that the affirmative vote of a majority of all the members of the council should be required, this Court stated:
It is contended that the “circuit court erred in ruling that the 3-1 vote in favor of’ the motion to grant a permit to appellant by the City Council of Pascagoula, (one member having abstained, one having been absent, and one having voted “no”), failed to pass the motion.
[[Image here]]
To support his contention that Mississippi Code 1942 Annotated section 3825.5-28 (1956) must be construed as requiring only the affirmative vote of a majority of those members present rather than, as set out in the statute “the affirmative vote of the majority of all of the members of the council,” appellant cites Marlar v. Board of Supervisors of Tishomingo County, 185 Miss. 120, 187 So. 879 (1939).
Marlar contains a correct statement of the common law rule that a majority of a quorum is all that is required to adopt a measure and that members present and not voting are deemed to have voted with the majority in the absence of a different statutory or constitutional requirement.
[[Image here]]
Mississippi Code 1942 Annotated section 3825.5-28 (1956) is in nowise ambiguous as to its requirement that the affirmative vote of a majority of all of the members of the council shall be necessary to adopt any motion, resolution, or ordinance, or to pass any measure whatsoever. The requirement is mandatory and is so clear as to be incapable of being misunderstood.
[[Image here]]
The Legislature, for reasons which it must have considered sufficient, has provided that the affirmative vote of a majority of all of the members of the council shall be required. There is no ambiguity in this provision and it must be construed as written.
Ezell, 240 So.2d at 702-704 (emphasis in original).
The Florence governing authorities failed to approve the rezoning ordinance by a % vote of “all members of the Legislative body of the municipality,” and this cause is reversed and rendered.
REVERSED AND RENDERED.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE and JAMES L. ROBERTS, Jr., JJ., concur.
SMITH, J., not participating.

. For an interesting discussion of the issue as well as cases requiring actual votes of all the members of the Legislative body of the municipality, see Annotation, Municipal Council—Voting Majority, 63 A.L.R.3d 1072, § 7(b), p. 1093 et seq. (1975).