BRIDGES, J.,
for the Court:
¶ 1. On March 10, 1998, Janet Ward applied to rezone .34 acres from residential to commercial. The Hernando Planning Commission voted to deny the application. Thereafter, on March 17,1998, the application was heard by the Mayor and Board of Alderman of Hernando. The City of Her-nando approved the rezoning request. From that order, Tippitt and others filed a Bill of Exceptions to the Circuit Court of Desoto County, which held that the rezoning was valid. From that order, Tippitt argues:
I. THE REZONING CHANGE WAS NOT EFFECTIVE.
II. THE REZONING APPLICATION WAS NOT PROPERLY BEFORE THE BOARD.
III. THE ATTEMPTED REZONING CHANGE CONSTITUTES “SPOT REZONING.”
¶ 2. Finding the rezoning change was not effective for it failed to comply with Mississippi Code Annotated § 17-1-17 (Rev.1995), we reverse and render.
FACTS
¶ 3. Janet Ward applied to rezone .34 acres located at the northwest corner of' Northview Street and Shady Lane in Her-nando, Mississippi from R-12 (Residential) to C — 1 (Neighborhood Commercial) to allow for the opening and operation of a barber and beauty shop.
¶ 4. Prior to the hearing before the Her-nando Planning Commission, a petition, signed by all but one of the residential owners immediately adjacent to the rear of Ward’s lot, was filed opposing the zoning change. The application was heard by the Hernando Planning Commission on March 10,1998.
¶ 5. In the course of the hearing before the Hernando Planning Commission, Ward, through her attorney, James Frank, attempted to amend her application to rezone from R-12 to Office. The issue was debated extensively at the Planning Commission level. A motion to approve the amendment was made, but not seconded. The Planning Commission on a vote of three to one denied Ward’s request for rezoning.
¶ 6. At the meeting before the Mayor and Board of Alderman, the Planning Director of the City of Hernando presented to the Board of Alderman the application by Ward as an application to rezone the property from R-12 to Office, even though the proposed amendment was not granted by the Planning Commission.
¶ 7. There are five alderman for the City of Hernando, at the meeting only four were present. One alderman recused himself, as Ward was his daughter. The remaining three alderman voted to grant the rezoning request from R-12 to Office.
I.
THE REZONING CHANGE WAS NOT EFFECTIVE.
¶ 8. Tippitt argues that the rezoning requested by Ward was not validly approved under Miss.Code Ann. § 17-1-17. Mississippi Code Annotated § 17-1-17 requires:
In case of protest against such change signed by the owners of twenty percent (20%) or more, either of the area of the lots included in such proposed change, or of those immediately adjacent to the rear thereof, extending one hundred sixty (160) feet therefrom or of those directly opposite thereto, extending one hundred sixty (160) feet from the street frontage of such opposite lots, such amendment shall not become effective except by the favorable vote of two-thirds (%) of all the members of the *651 legislative body of such municipality or county.
Miss.Code Ann. § 17-1-17 (Rev.1995) (emphasis added).
¶ 9. The party relying on the % majority voting requirement of § 17-1-17 has the burden of proving that the owners of 20% or more of the area specified in the statute have protested the rezoning. Tindall v. City of Louisville, 338 So.2d 998, 999 (Miss.1976). This evidence must be made before the local governing body and not raised for the first time on appeal. City of Biloxi v. Hilbert, 597 So.2d 1276, 1280 (Miss.1992).
¶ 10. During the hearing held by the Planning Commission, Ms. Donna Tippitt testified that all the residents, with the exception of one, within 160 feet of the lot proposed for rezoning, signed a petition opposing the rezoning. This petition was entered as an exhibit. Testimony at the March 17, 1998 hearing before the Mayor and Board of Alderman of the City of Hernando, together with the review of the site map during the hearing, showed that more than 20% of the owners of the area lots immediately adjacent to the rear of the proposed rezoned lot signed the petitions objecting to the rezoning. The opposition met the burden of showing that 20% or more of the owners of lots immediately adjacent (up to 160 feet) to the rear of the lot protested the zoning change.
¶ 11. In order to effect such a zoning change once this 20% requirement has been met, a two-thirds (%) majority of all of the voting members of the Board of Alderman must vote to approve such a rezoning request. Here, only three of five aldermen voted to approve the rezoning request.
The case of Oakman v. Town of Florence, 624 So.2d 995 (Miss.1993), is disposi-tive. In Oakman, during a regular meeting of the Mayor and Board of Alderman for the Town of Florence, a motion was made and seconded that a zoning ordinance be amended because of a mistake in the boundaries of the original zoning of one of its districts. Id. at 996. The opposition to this met their burden that more than 20% of owners of the lots included protested the amendment. Id. Three alderman voted in favor of the motion, one alderman abstained and one alderwoman abstained. Id. Therefore, only three of the five alderman voted for this amendment. Id. The Mayor declared that the motion passed. Id.
¶ 12. The Mississippi Supreme Court held that the Florence governing authorities failed to approve the rezoning ordinance by a % vote of “all members of the Legislative body of the municipality,” in accordance with Miss.Code Ann. § 17 — 1— 17. Id. at 997. This section is “nowise ambiguous as to its requirement that the affirmative vote of a majority of all the members of the council shall be necessary to adopt any motion.... The requirement is mandatory and is so clear as to be incapable of being misunderstood.” Id. (quoting Ezell v. City of Pascagoula, 240 So.2d 700, 702-03 (Miss.1970)). “The Legislature, for reasons which it must have considered sufficient, has provided that the affirmative vote of a majority of all of the members of the council shall be required. There is no ambiguity in this provision and it must be construed as written.” Oakman, 624 So.2d at 997 (quoting Ezell, 240 So.2d at 703-04).
¶ 13. It is true that Ward’s father stated that he was recusing himself. He did not just remain silent on his reasons but nonetheless refused to vote. Whether an alderman does not vote because of absence from the meeting, abstention for a variety of reasons, or abstention because of a conflict of interest, the effect is the same. An active member of the board fails to cast a vote in favor of the rezoning. We conclude that a member who fails to vote for any reason must be counted towards the total membership.
¶ 14. There are other circumstances that raise similar issues. There may be a vacancy on the board that has not yet been *652 filled with a new member. There may also be temporary reductions in membership short of a permanent departure by a member, e.g., one of the members by statute or otherwise may have to serve as mayor pro tempore in the absence of the mayor. The effect of these other variations on the required number of votes for a % majority must await a case that presents those facts.
¶ 15. Therefore, to meet the two-thirds requirement, four of the five aldermen for the City of Hernando must have voted affirmatively to adopt this rezoning. The Mississippi Supreme Court has held the language of Miss.Code Ann. § 17-1-17 is not ambiguous. Since only three alderman voted for the rezoning as opposed to the mandatory four, we reverse and render.
¶ 16. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.