909 So.2d 1190 (2005)
John TIPPITT and Donna Tippitt, Appellants,
v.
CITY OF HERNANDO, Mississippi, Appellee.
No. 2003-CA-00938-COA.
Court of Appeals of Mississippi.
January 25, 2005.
*1191 Benjamin Louis Taylor, Boston, MA, Ronald Louis Taylor, Southaven, attorneys for appellants.
Kenneth E. Stockton, Hernando, attorney for appellee.
Before BRIDGES, P.J., MYERS and BARNES, JJ.
BRIDGES, P.J., for the Court.
¶ 1. The planning commission for the City of Hernando, Mississippi, approved Janet Ward's application to rezone certain property owned by her. John and Donna Tippitt oppose said approval and have appealed to this Court claiming that the planning commission's decision (a) was arbitrary and capricious; (b) was not supported by substantial evidence; (c) constitutes spot zoning; and (d) constitutes a taking in violation of the Fifth and Fourteenth Amendments.
¶ 2. We find no merit with these contentions and, accordingly, affirm.

FACTS AND PROCEDURAL HISTORY
¶ 3. In 1998, Janet Ward filed an application with the planning commission for the City of Hernando requesting that .34 acres located at 2435 Northview Street be rezoned from R-12 residential to C-1 neighborhood commercial so that she could open and operate a beauty salon on said premises. Ward's application was subsequently set for hearing, but prior thereto, a petition opposing the zoning change was signed and filed by all residents, except one, owning property adjacent to the rear of the lot in issue. On March 10, 1998, Ward appeared before the planning commission, at which time she attempted to amend her application, thereby requesting that said lot be rezoned from R-12 residential to "O" office. After extensive debate, a motion to approve the amendment was made, but the motion was not seconded. The commission then voted three to one to deny Ward's application, so Ward appealed the denial to the City's mayor and board of aldermen. The board held a hearing on March 17, which resulted in a reversal of the planning commission's denial. John Tippitt, along with several others opposed to Ward's application, then filed a bill of exceptions with the Circuit Court of *1192 DeSoto County, which held that the rezoning was valid. The application then came before this Court, which found that the rezoning change was not effective for failure to comply with Miss.Code Ann. § 17-1-17 (Rev.1995). See Tippitt v. City of Hernando, 780 So.2d 649 (Miss.Ct.App.2000).
¶ 4. On May 8, 2001, Ward again filed an application to rezone her property from R-12 residential to "O" office, and this time, the planning commission voted to approve. Tippitt and his wife, Donna, appealed the decision to the mayor and board of aldermen, and the board affirmed the commission's ruling. The Tippitts then filed a bill of exceptions with the Circuit Court of DeSoto County, and it also affirmed Ward's application. The Tippitt's appeal now comes before this Court.

LAW AND ANALYSIS
¶ 5. For a rezoning application to be approved, the applicant must prove by clear and convincing evidence that either (1) the original zoning was a mistake, or (2) the character of the neighborhood has changed to such an extent as to justify rezoning and that a public need exists for such rezoning. City of Biloxi v. Hilbert, 597 So.2d 1276, 1280 (Miss.1992). The scope of our review as an appellate court, however, is restricted. For as we observe, zoning is a legislative matter, the validity of which is presumed; therefore, we must not interfere or substitute our judgment for the wisdom or soundness of the local governing body. See Faircloth v. Lyles, 592 So.2d 941, 943 (Miss.1991); Blacklidge v. City of Gulfport, 223 So.2d 530, 533 (Miss.1969).
¶ 6. A zoning decision by a local governing body, the validity of which appears to be "fairly debatable," must not be disturbed on appeal, and can only be set aside if the decision clearly appears to be arbitrary, capricious, discriminatory, illegal, or not supported by substantial evidence. Hilbert, 597 So.2d at 1280. The Mississippi Supreme Court has described the "fairly debatable" standard as the antithesis of arbitrary and capricious, meaning that if a decision could be considered "fairly debatable," then it could not be considered arbitrary or capricious. Id. at 1280-81.

I.

ARBITRARY AND CAPRICIOUS SUBSTANTIAL EVIDENCE
¶ 7. The first and second issues advanced by the Tippitts in their appeal are interrelated, so we will combine them for the purposes of our discussion. They claim that the action of the planning commission was arbitrary and capricious arguing that the City failed (a) to issue a detailed and well-reasoned statement explaining the basis for its approval to rezone, (b) to provide a detailed history of the property in issue as well as the surrounding area, (c) to relate the rezoning request to that history, and (d) to consider all of the evidence that was presented at the hearing. The Tippitts additionally claim that the decision was not supported by substantial evidence as to Ward's burden of proving change in the character of the neighborhood and a public need for such change.
¶ 8. The record reveals that Ward submitted a petition with 173 names in support of her application to rezone while those opposing Ward's application submitted a petition with a total of ten names. In support of their opposition, the petitioners claimed that (1) the rezoning was contrary to the comprehensive plan of 1993; (2) the property was in a historical district; (3) the rezoning would increase traffic and noise making the area unsafe for their *1193 children; (4) the lot was without a buffer; and (5) the ill-effects of rezoning would reduce the value of surrounding homes.
¶ 9. Ward presented a list of the most obvious changes in the character of the neighborhood surrounding her lot which have occurred since 1957 through 2001. These changes included (1) the construction of a shopping center, apartment complex, car wash, medical office building, and a solid six-foot high privacy fence on the west boundary of the lot separating it from other residentially zoned property; (2) the conversion of a house into an accounting business office and a pharmacy; and (3) the current construction of a two story commercial building and an additional paved parking lot for the medical office building. Ward additionally asserted that in spite of these changes (1) property values in the neighborhood had increased over the past few years; (2) property in the area had been added to the National Register; (3) her property had been fenced out of zoning in a residential neighborhood, which could be considered a buffer zone in compliance with the comprehensive plan; (4) no accidents have occurred in the area; (5) no children have been affected; and (6) the population in the area had doubled since 1993.
¶ 10. As revealed by the record, the approval of Ward's application was the product of extensive factual and circumstantial considerations by the planning commission, and where in the determinative process a local governing body considers a myriad of issues, such as those discussed above, the decision to approve rezoning cannot be arbitrary or capricious. See Broadacres, Inc. v. City of Hattiesburg, 489 So.2d 501 (Miss.1986). Moreover, such decision can be neither arbitrary nor capricious where such substantial evidence is presented in support of each side to the rezoning application, thus rendering the ultimate decision of the planning commission "fairly debatable." Burdine v. City of Greenville, 755 So.2d 1154, 1157(¶ 6) (Miss.Ct.App.1999) (citation omitted).

II.

SPOT ZONING
¶ 11. The Tippitts claim that the planning commission approved the application to rezone as a favor to Ward and amounted to spot zoning. They support this contention by claiming that the rezoning offends the comprehensive plan of 1993 and by suggesting corruption within the City, as evidenced by the demeanor and cavalier attitude of the planning commission's members.
¶ 12. As the Mississippi Supreme Court has explained, a zoning ordinance or amendment thereto cannot be considered spot zoning if "enacted in accordance with a comprehensive zoning plan." Ridgewood Land Co. v. Simmons, 243 Miss. 236, 252, 137 So.2d 532, 538 (1962). The City of Hernando's comprehensive plan of 1993 permits, as an exception for residential areas, "[s]mall-scale office activities used principally for transition and buffering between residential uses and incompatible non-residential activities...." Ward's property was bound on the north and east sides by commercially zoned property while bound on the others by residentially zoned property. As a result, reclassifying Ward's lot as "O" office was in accordance with the comprehensive plan, so the City's approval of Ward's application cannot be deemed improper as spot zoning.

III.

EMINENT DOMAIN
¶ 13. In their final claim, the Tippitts argue that by rezoning Ward's property, they have been separated from the residential neighborhood that they have *1194 been a part of for years. This separation consequently interferes with and substantially disturbs their use and enjoyment of the property and, thus, constitutes a taking by violating a fundamental right of ownership.
¶ 14. In Walters v. City of Greenville, this Court looked to federal case law for the definition of a taking, which is as follows:
[T]here is a taking of property when government action directly interferes with or substantially disturbs the owner's use and enjoyment of the property. Brothers v. U.S., 594 F.2d 740, 741-42 (1979). A taking is effected if the application of a zoning law denies a property owner of economically viable use of his land. This can consist of preventing the best use of the land or extinguishing a fundamental attribute of ownership. Vari-Build, Inc. v. City of Reno, 596 F.Supp. 673, 679 (1984).
Walters v. City of Greenville, 751 So.2d 1206, 1210(¶ 19) (Miss.Ct.App.1999).
¶ 15. The record is devoid of evidence demonstrating that the Tippitts have been either deprived of the use and enjoyment of their property or denied any economic benefits derived from their land. As a consequence, in the absence of such evidence, the City's decision to rezone Ward's property cannot possibly amount to a taking.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.