FAIR, J.,
for the Court:
¶ 1. Richard Smith was injured on the job in an explosion. He received workers’ compensation benefits through his employer, but in this third-party action he seeks tort damages from various other entities he contends are responsible for his injury.
¶ 2. Smith initially filed a lawsuit (Smith I) in the Circuit Court of Harrison County against three defendants that shared the workspace with his employer. He later sought to add the Normand Children Diversified Class Trust (“the Trust”), the owner of the building where the explosion occurred, as a defendant. Smith filed a motion for leave to amend the complaint in Smith I, but he became concerned it would not be addressed before the running of the statute of limitations. He therefore filed the instant action, Smith II, seeking damages for the same injury but naming the Trust as the sole defendant. Smith then filed a motion to consolidate the two suits, but the trial court dismissed Smith II without prejudice as an improperly split claim. Smith appeals from that judgment.
DISCUSSION
¶ 3. We addressed a similar issue in our recent decision in Carpenter v. Kenneth Thompson Builder, Inc., — So.3d - (Miss.Ct.App.2013), where this Court concluded the rule against claim splitting was not violated when a similar procedure was employed in that case. Today’s case, even though it involves different parties and a different lower court, is more straightforward and presents many of the same issues and arguments, probably because all of the attorneys in today’s case were also involved in Carpenter. For largely the same reasons as in Carpenter, we reverse and remand this case.
¶ 4. The trial court based its decision to dismiss for claim splitting on the Mississippi Supreme Court’s opinion in Wilner v. White, 929 So.2d 315 (Miss.2006). The issue in Wilner was whether an amended complaint related back to the original complaint. Claim splitting was not implicated, but the supreme court addressed a statement by this Court that endorsed the same procedure employed by Smith in the instant case. In Wilner v. White, 929 So.2d 343, 350 (¶ 24) (Miss.Ct.App.2005), we had opined:
If Wilner had named the four new parties in a separate, original complaint and moved to consolidate the two cases, we would not have an issue with the statute of limitations, nor would there be an issue regarding relating back.
On certiorari, the supreme court responded as follows:
Respectfully, the Court of Appeals is mistaken in its assumption that Wilner could have properly named the new parties in a separate complaint. Had Wil-ner done this, she would have offended the long-standing principal of law in Mississippi prohibiting a party from splitting a cause of action into the subject of two different actions, reaching back to this Court’s decision in Kimball v. Louisville and Nat’l R.R. Co., 94 Miss. 396, 48 So. 230 (1909). See also Harrison v. Chandler-Sampson Ins., Inc., 891 So.2d 224, 234 (Miss.2005); Alexander v. Elzie, 621 So.2d 909, 910 (Miss.1992). Suggesting that a party should take this course of action in the *1237 future is encouraging that party to ignore the law.
Wilner, 929 So.2d at 320 (¶ 5). The supreme court also quoted at length from the Restatement of Judgments:
§ 62 SPLITTING CAUSE OF ACTION-JUDGMENT FOR PLAINTIFF OR DEFENDANT.
Where a judgment is rendered, whether in favor of the plaintiff or of the defendant, which precludes the plaintiff from thereafter maintaining an action upon the original cause of action, he cannot maintain an action upon any part of the original cause of action, although that part of the cause of action was not litigated in the original action, except[:]
[[Image here]]
(c) where the defendant consented to the splitting of the plaintiffs cause of action.
Comment:
a. Rationale: The rule stated in this Section is based on the idea that where a person has a single cause of action, in the interests of convenience and economy to the public and to the defendant he should be entitled to but one right of action and hence should be required to unite in one proceeding all matters which are part of it.
Id. at 320-21.
¶ 5. While Wilner does seem to encompass the facts of today’s case, the discussion is dicta. Dicta are statements “not necessary to the court’s ruling.” McKibben v. City of Jackson, 193 So.2d 741, 745 (Miss.1967). Naturally, “comment [by the supreme court] upon dicta [from a lower court] is probably also dicta.” Id. Dicta “are not within the strict rule of stare decisis; but they do show the ‘views entertained by the court at that time[,]’ are ‘of persuasive force[,]’ and should be followed unless found to be erroneous.” State v. McDonald, 164 Miss. 405, 423, 145 So. 508, 512 (1933) (Smith, C.J., concurring) (citations omitted).
¶ 6. We certainly agree with the supreme court that claim splitting is not permitted in Mississippi. But we do not find the dicta in Wilner persuasive, at least in today’s case, where the second suit names entirely different defendants. The Wilner court relied on the Restatement of Judgments § 62, quoting it at length, but it neglected the second comment, which states in relevant part:
b. Different parties. The rule stated in this Section presupposes a claim and judgment of a single plaintiff against a single defendant. It does not deal with situations in which there is a single event or transaction from which arise a number of claims by one person against several or by several persons against one or a number of persons. Thus, a person may have a claim against a number of others on a joint and several contract or because of a joint tort; or a number of persons may be entitled to maintain actions for a single act....
¶ 7. It is important to note that the doctrine of claim splitting is closely related to res judicata, and our courts have often used “claim splitting” or “splitting a cause of action” to refer to certain forms of res judicata. See, e.g., Hill v. Carroll Cnty., 17 So.3d 1081, 1084 (¶ 8) (Miss.2009). For the bar of res judicata to apply in Mississippi, there must be a final judgment on the merits, as well as four identities: “(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made.” EMC Mortgage Corp. v. Carmichael, 17 So.3d 1087, 1090 (¶ 10) (Miss.2009); see also Channel v. Loyacono, 954 So.2d 415, 424 (¶ 31) (Miss.2007).
*1238 ¶ 8. The doctrine actually implicated in Wilner and today’s case is similar but distinct from res judicata and ordinary claim splitting in that it does not require a final judgment, only another pending action meeting the four identities of res judi-cata. Dismissal or suspension of a suit under these circumstances is a form of docket management that permits trial courts to deal with duplicative litigation when two cases are pending and neither has reached a final judgment. See Katz v. Gerardi, 655 F.3d 1212, 1218-19 (10th Cir. 2011); see also 18 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 4406 (Supp.2012) (“In dealing with simultaneous actions on related theories, courts at times express principles of ‘claim splitting’ that are similar to claim preclusion, but that do not require a prior judgment. A dismissal on this ground has been viewed as a matter of docket management. ... ”). Trial courts in Mississippi likewise have the inherent authority to control their own dockets. See City of Jackson v. Rhaly, 95 So.3d 602, 607 (¶ 10) (Miss.2012). The question when dismissing or suspending a case for “claim splitting” as docket management is whether the first action would have a preclusive effect on the second when a final judgment on the merits is ultimately entered. See Katz, 655 F.3d at 1219.
¶ 9. The docket management incarnation of the claim splitting doctrine still requires all four identities of res judi-cata and claim splitting — one of which is the identity of the parties to the cause of action. The Mississippi Supreme Court discussed that element in Harrison v. Chandler-Sampson Ins., 891 So.2d 224, 236-37 (¶ 37) (Miss.2005). It held: “To satisfy the identity of parties element, strict identity of the parties is not necessary. A non-party defendant can assert res judicata so long as it is in ‘privity’ with a named defendant.” Id. (quoting Russell v. SunAmerica Secs., Inc., 962 F.2d 1169, 1173 (5th Cir.1992)).
¶ 10. Dismissal as a form of docket management is subject to an abuse of discretion standard of review. Katz, 655 F.3d at 1217. Nonetheless, since the identity of parties element has not been met, the trial court clearly abused its discretion in dismissing this case. The trial court’s discretion in controlling its docket should be exercised within “the bounds of the rationally available choices given the facts and the applicable law in the case at hand.” Id. As we pointed out in our recent decision in Carpenter, there is another option available when multiple cases are filed involving the same operative questions of law or fact, one that can be employed even when there are different parties: consolidation.
¶ 11. Rule 42(a) of the Mississippi Rules of Civil Procedure provides:
When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
The decision of whether to consolidate cases remains “within the sound discretion of the trial court.” Smith v. H.C. Bailey Cos., 477 So.2d 224, 231 (Miss.1985). However, the trial court ought to weigh its options in light of Mississippi Rule of Civil Procedure 1, the comment to which states in part that “the rules [should] be interpreted liberally in order that the procedural framework in which litigation is conducted promotes the ends of justice and facilitates decisions on the merits, rather than determinations on technicalities.” We recognize that Smith I has been proceeding in the trial court during the pen- *1239 dency of this appeal, and so consolidation with today’s case may no longer be feasible or expedient. Nonetheless, the trial court should at least consider it on remand.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND JAMES, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.