# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-00891-COA

RANDOLPH J. TRAPPEY AND FRANCES M. TRAPPEY                  APPELLANTS

v.

ROSA NEWMAN                                                APPELLEE

DATE OF JUDGMENT:              06/01/2017
TRIAL JUDGE:                   HON. LILLIE BLACKMON SANDERS
COURT FROM WHICH APPEALED:     ADAMS COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:       LUCIEN C. GWIN JR.
ATTORNEY FOR APPELLEE:         EARNESTINE ALEXANDER
NATURE OF THE CASE:            CIVIL - REAL PROPERTY
DISPOSITION:                   AFFIRMED: 01/08/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, C.J., BARNES AND CARLTON, P.JJ.

### GRIFFIS, C.J., FOR THE COURT:

¶1.     Randolph and Frances Trappey appeal the City of Natchez's decision to grant Rosa

Newman's application for a special exception to the Natchez Development Code to resume

operation of previous commercial property in a residential area. We find no error and affirm.

### FACTS

¶2.     Until 2013, the property located at 722 North Rankin Street in Natchez operated as

an assisted-living facility. In 2016, Rosa Newman wanted to reinstate the commercial use

of the property and applied for a special exception to the City of Natchez Development Code

(the "Code"). In accordance with section 7.2.1 of the Code, the Planning Commission held

a hearing on May 19, 2016. Randolph Trappey objected to the special exception. The matter

was deferred until the next meeting.

¶3.     On September 22, 2016, the Planning Commission met in a study session to discuss the seven factors necessary to justify a grant of the special exception, under section 7.3.2:

> (a) that the proposed use or development of the land will not materially endanger the public health or safety;
>
> (b) that the proposed use is reasonably necessary for the public health or general welfare, such as by enhancing the successful operation of the surrounding area in its basic community functions or by providing an essential services to the community or region;
>
> (c) that the proposed use or development of the land will not substantially injure the value of adjoining or abutting property;
>
> (d) that the proposed use or development of the land will be in harmony with the scale, bulk, coverage, density, and character of the area or neighborhood in which it is located;
>
> (e) that the proposed use or development of the land will generally conform to the Comprehensive Plan and other official plans adopted by the City of Natchez;
>
> (f) that the proposed use is appropriately located with respect to transportation facilities, water supply, fire and police protection, waste disposal and similar facilities; and
>
> (g) that the proposed use will not cause undue traffic congestion or create a traffic hazard.

¶4.     On September 29, 2016, the Planning Commission met and approved the special exception with conditions. Four members voted for it, and three members voted against it.

¶5.     The Trappeys appealed the decision to the Mayor and Board of Alderman. The decision was affirmed.

¶6.     The Trappeys then appealed to the circuit court. At a hearing on May 24, 2017, the

Trappeys argued several issues that the circuit court did not address, including the allegation that a super-majority vote of the Commission was necessary because more than twenty percent of the neighbors objected to the special exception. Newman's counsel argued that there were only three objection letters. The record indicated that the Planning Commission only recognized three properly filed objection letters. The Trappeys also argued that the application was defective because Newman failed to obtain the approval of the Natchez Site Plan Review Committee and could not pass the seven-point criteria of section 7.3.2 of the Code. The circuit court affirmed the decision.

## DISCUSSION

¶7. The Trappeys argue that the approval of the application for the special exception lacks evidentiary support and is without merit. Specifically, the Trappeys contend that there are several missing pieces of the application, including: (1) a site review committee approval; (2) clear and convincing evidence of compliance with the seven criteria set forth in 7.3.2 of the Code; (3) compliance with the Natchez Preservation Ordinance; and (4) super-majority approval by the Planning Commission. The Trappeys also allege that the approval is impermissible spot zoning and that Newman failed to meet her burden of proof.

¶8. To reverse the decision of the circuit court, this Court reviews whether or not the decision of the Planning Commission was arbitrary or capricious and if it was supported by substantial evidence. *Como Steak House Inc. v. Bd. of Supervisors*, 200 So. 3d 417, 421 (¶11) (Miss. 2016). Evidence is substantial when "reasonable minds might accept [it] as adequate to support a conclusion." *Id*. at 422 (¶15) (quoting *Hooks v. George County*, 748

3

So. 2d 678, 680 (¶10) (Miss. 1999)).  Because the Trappeys argue error existed in the Board's actions, the burden of proof requires it to show error.  *Childs v. Hancock Cty. Bd. of Supervisors*, 1 So. 3d 855, 859 (¶12) (Miss. 2009).  If the issue is merely debatable, however, this Court will not overturn the decision of the Board.  *Id*.

¶9.     The Trappeys argue that the decision of the Planning Commission is invalid because it did not consider the factors required by section 7.3.2 of the Code.  The Trappeys contend that an absence of these factors on the record is evidence that the Commission did not consider them.  The minutes of the Planning Commission, however, note a discussion of these factors in a study session.  It was only after this discussion that the Commission approved the application with attached conditions.  This Court finds that there is sufficient evidence in the record to support the Commission's finding because it did consider the required factors under section 7.3.2.

¶10.    Next, the Trappeys argue that the Planning Commission's vote was invalid because it was not based on a super majority.  The Trappeys specifically state that the vote required five votes in favor instead of four.  To support their claim, the Trappeys cite Mississippi Code Annotated section 17-1-17 (Rev. 2012), which states in relevant part:

> In case of a protest against such change signed by the owners of twenty percent or more, either of the area of the lots included in such proposed change, or of those immediately adjacent to the rear thereof, extending one hundred sixty feet therefrom or of those directly opposite thereto, extending one hundred sixty feet from the street frontage of such opposite lots, such amendment shall not become effective except by the favorable vote of three-fifths of the members of the legislative body of such municipality or county who are not required by law or ethical considerations to recuse themselves.

¶11.    The Trappeys claim that six different neighbors filed objections to the special

4

exception. If six objections were properly filed, the vote for approval would have required a super majority. Miss. Code Ann. § 17-1-17 (Rev. 2012). Only three objections were filed on the date of the initial September 22, 2016 hearing. The only applicable objections were from Walter Roddy (filed May 18, 2016, and September 12, 2016), Arthur and Edna Reed (filed September 2, 2016), and Virginia Conn (filed September 20, 2016). As noted, Walter Roddy filed two separate objections. Mr. Roddy cannot force a super-majority vote by filing two objections for the same property. Also, the Trappeys claim an objection was filed by Paul Green. But Green's property is outside of the one-hundred-sixty-foot-radius requirement, which voided his objection.

¶12.    The supreme court has held that a showing of twenty percent "must be made before the local governing body and cannot be raised for the first time upon appeal." *City of Biloxi v. M.C. Hilbert*, 597 So. 2d 1276, 1280 (Miss. 1992) (citing *Tindall v. City of Louisville*, 338 So. 2d 998, 999 (Miss. 1976); *Bd. of Supervisors v. Abide Bros. Inc.*, 231 So. 2d 483, 485 (Miss. 1970)). In *City of Biloxi*, the court considered a similar issue where one party asserted error in a rezoning case because a super-majority vote was not used in approval. The supreme court, however, found that nothing indicated the protestors timely objected to the rezoning. *Id*. at 1280. Here, the record does not indicate that enough citizens within the one-hundred-sixty-foot radius raised timely objections to the special exception to require a super-majority vote under Mississippi Code Annotated section 17-1-17.

¶13.    Finally, the Trappeys argue that the approval of the application is synonymous with spot zoning. Spot zoning is "where a zoning ordinance is amended reclassifying one or more

5

tracts or lots for a use prohibited by the original zoning ordinance and out of harmony therewith." *Thomas v. Bd. of Supervisors*, 45 So. 3d 1173, 1187 (¶44) (Miss. 2010) (quoting *McKibben v. City of Jackson*, 193 So. 2d 741, 744 (Miss. 1967)). The supreme court has overturned zoning ordinances and special exception approvals on the basis of spot zoning. *Id*. In *Thomas*, the supreme court affirmed the Board's decision for rezoning and found no evidence of spot zoning. The court ruled:

> The Board's decision was considered to be "fairly debatable," and this Court will not disturb it on appeal. While Thomas's argument has a degree of merit, and the rezoning may provide Aldridge a benefit, as a rezoning logically always does to one party or another, the Board nevertheless found a public need for rezoning and, on that basis, the decision cannot be considered spot zoning.

*Id.* Here, as in *Thomas*, we do not find that the evidence supports the claim that Newman was specifically favored over the Trappeys. The property previously was an assisted-living facility in the middle of a residential neighborhood. The grant of the special exception does not constitute impermissible spot zoning. We find that this issue is without merit.

¶14. The ultimate decision for this Court is whether or not the original decision of the Planning Commission was arbitrary or capricious. Our review of the record and the applicable case law direct us to the answer that the decision was neither arbitrary nor capricious. The supreme court has opined that "[w]here . . . there is substantial evidence supporting both sides of a rezoning application, it is hard to see how the ultimate decision could be anything but 'fairly debatable,' not 'arbitrary and capricious,' and therefore beyond our authority to overturn." *Id.* at 1181 (¶23) (quoting *Sauders v. City of Jackson*, 511 So. 2d 902, 907 (Miss. 1987)).

6

¶15. The record shows that there are "fairly debatable" issues for each side. The property once served as an assisted-living facility and was located in the middle of the same established neighborhood at the time. There were concerns by some of the Planning Commission members that the parking would interfere with the streets or that the value of the surrounding properties would decrease, but the community could benefit from Newman assisting veterans in her facility. The issues surrounding this matter are obviously fairly debatable in nature, and deference is drastically tilted toward the original decision without a finding that it was arbitrary or capricious.

¶16. **AFFIRMED.**

**BARNES AND CARLTON, P.JJ., GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. WILSON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. McDONALD, LAWRENCE AND McCARTY, JJ., NOT PARTICIPATING.**